CHARLES FAIRFIELD, *as Assignee, etc.*, v. THOMAS W. DAWSON.

39 147
40 190

NEW TRIAL—*Errors, When Not Reviewed.* Errors occurring during the trial must be brought to the attention of the trial court by a motion for a new trial, before they can be considered in the supreme court. (*Buettinger v. Hurley*, 34 Kas. 585.)

*Error from Ottawa District Court.*

THE opinion states the case.

*W. C. Buchanan,* and *Chipman & Painter,* for plaintiff in error.

*Thompson & Midgley,* for defendant in error.

Opinion by HOLT, C.: Plaintiff in error brought his action to recover a certain one-story building, alleged to be personal property, and averred that he was the owner thereof, and entitled to the possession of the same, and that the defendant wrongfully detained it, and had for the space of two months, to his damage, in the sum of $300.

At the trial, at the December term, 1885, a jury was impaneled, and the evidence of plaintiff was introduced. After he rested, the court, upon the motion of the defendant, directed the jury to render a verdict in favor of the defendant for costs. Plaintiff filed a motion for a new trial, but it does not appear in the record, nor is there any statement of the grounds named in such motion. In its absence, we are unable to determine whether there was any error of the court in overruling the motion. It is the settled law of this state, that all errors occurring during a trial must be brought to the attention of the trial court upon a motion for a new trial, before they will be considered here. (*Buettinger v. Hurley*, 34 Kas. 585; *Hover v. Tenney*, 27 id. 133; *Decker v. House*, 30 id. 614.)

We recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.