## DANIEL R. MERCER v. ABRAHAM RINGER.

| 40 | 189 |
| 51 | 194 |
| 40 | 189 |
| 56 | 548 |
| 40 | 189 |
| 64 | 605 |
| d64 | 606 |

1. NEW TRIAL — *Motion, Not Filed in Time.* If a party, desiring a new trial, sends his written motion therefor, properly drawn up, signed and inclosed in a letter to the post-office where the clerk of the district court receives his mail, and such letter is not received at the post-office until 7 o'clock P.M. of the last day upon which the motion can be filed in time, and the clerk does not call for it or receive it until the next day, and then files it the next day, such motion is not filed in time; and in the absence of any other showing it does not

appear that the party sending the motion by mail was unavoidably prevented from filing it within time.

2. AGENT—*Verification.* The agent of a plaintiff, having authority from his principal, may verify, under oath, the complaint filed in an action of forcible detainer.

*Error from Mitchell District Court.*

FORCIBLE detainer. The opinion states the facts.

*L. J. Crans,* for plaintiff in error.

*A. H. Ellis,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action of forcible detainer brought by Abraham Ringer against Daniel R. Mercer, before a justice of the peace, where he obtained judgment, and the case was appealed to the district court by Mercer. In the district court the case was tried by the court with a jury, and a verdict was returned, on April 23, 1887, in favor of Ringer. Mercer filed his motion for a new trial on the 27th day of April. Neither at the time the motion was filed, nor at the time the same was heard by the court, was there any showing made that Mercer was unavoidably prevented from filing his motion within three days after the verdict was rendered. (Code, § 308.) In the motion filed on April 27, nothing was said about newly-discovered evidence. Subsequently, and on the 3d day of May, 1887, an amendement to the motion for a new trial was made on account of newly-discovered evidence; but in the briefs filed, the subsequent motion or amendment is not relied upon by either party as being material in the case. It has frequently been decided that errors occurring during the trial must be brought to the attention of the trial court by a motion for a new trial before they can be considered in the supreme court. Therefore the question is presented whether the motion for a new trial, filed on April 27, was within time. (*Fairfield v. Dawson,* 39 Kas. 147; *Buettinger v. Hurley,* 34 id. 585.) When the case-made was settled, it was shown that the motion was properly drawn up, signed, in-

closed in a letter, and received at the post-office where the district clerk receives his mail, about 7 o'clock P. M. on the 26th day of April, 1887, but the clerk did not call for it or receive it until April 27, when he received it, and on the same day marked the motion, "Filed April 27, 1887."

Upon this state of facts it does not appear that Mercer was unavoidably prevented from filing his motion within three days after the verdict. It is the duty of the party desiring to file a motion for a new trial to see that his motion is placed in the hands of the district clerk, or in his office, within the time required by law, and if it is not, the motion is not filed in time, unless a showing is made that the party was unavoidably prevented from so doing. (*Bubb v. Cain,* 37 Kas. 692; *McDonald v. Weeks,* 32 id. 58; *City of Osborne v. Hamilton,* 29 id. 1.) As the motion for a new trial was not filed in time, we cannot consider or review the errors occurring upon the trial. (*Odell v. Sargent,* 3 Kas. 80; *Mitchell v. Milhoan,* 11 id. 617; *Nesbit v. Hines,* 17 id. 316.)

It is further claimed that the complaint does not comply with §162, chapter 81, Compiled Laws of 1885. The point is made that the complaint was signed, "Ellis & Ellis, plaintiff's attorneys," and verified by the oath of Henry C. Owen only. Owen, however, made affidavit that he was the duly-authorized agent of the plaintiff in the action, that he made the affidavit for and on behalf of the plaintiff, and that the facts set forth in the complaint were true in substance and in fact. The complaint was subsequently filed, and therefore we think that it was sufficient within the provisions of said §162.

It is also claimed that the complaint was materially changed by amendment upon the trial. In the absence of a motion for a new trial and in the condition of the record, we cannot decide whether the change was material or not, or in any way prejudicial to the defendant.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.