THE MISSOURI GLASS COMPANY v. M. BAILEY.

NEW TRIAL — *Motion, When to be Made.* A motion for a new trial, upon the grounds that the judgment is not sustained by the evidence and is contrary to law, and for errors of law occurring at the trial and excepted to by the party complaining at the time, must be made at the term the judgment is rendered. If the motion for a new trial, for such reasons, is not presented or filed until after the term has ended and the court has finally adjourned, the supreme court cannot consider or review the errors alleged in the motion.

*Error from Neosho District Court.*

THE opinion states the facts.

*J. B. Ziegler*, for plaintiff in error.

*A. S. Lapham*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The Missouri Glass Company brought its action in the district court of Neosho county against M. Bailey, to recover $580, with interest. On the 24th of April, 1889, judgment was rendered against the plaintiff and in favor of the defendant, for costs. It appears from the record that the cause was tried before the court without a jury, on the 23d of April, 1889, and at the conclusion of the trial the court announced that its decision would be rendered on the next day, April 24. On April 24 the judgment was rendered. The court adjourned for the term upon that day. After the close of the trial, on April 23, the attorney for the glass company left Erie, the county seat of Neosho county, for Vinita, in the Indian territory, on important business. He did not return from the territory until after the court had adjourned for the term; but upon his return, on April 27, 1889, he filed his motion for a new trial. This motion was heard and overruled on July 16, 1889, the court finding, however, upon the evidence presented, that the plaintiff below "was unavoidably prevented from filing his motion for a new trial at the term at which the judgment was rendered." The question is now properly presented, by cross petition in error, that the application for the new trial was made too late, and therefore that this case cannot be considered upon the merits.

Section 308 of the civil code reads:

"The application for a new trial must be made at the term the verdict, report or decision is rendered; and, except for the cause of newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

13—51 KAS.

It has been repeatedly held by this court "that the application for a new trial must be made at the term the verdict, report or decision is rendered." (*Earls v. Earls*, 27 Kas. 538; *Mercer v. Ringer*, 40 id. 189; *Powers v. McCue*, 48 id. 477.)

In the last case, it was said that "The party objecting to the decision of a district court must not only except at the time the decision is made, but must reduce the exception to writing, and present the same for allowance at the term the decision is excepted to, not beyond the term." But it is claimed that, as the trial court found that the plaintiff below was "unavoidably prevented from filing his motion at the term at which the decision and judgment were given," therefore he was in time. It is not alleged in the motion that any new evidence had been discovered by the party applying. The grounds for the new trial, as stated, were, "that the decision and judgment of the court were not sustained by the evidence, and were contrary to law, and for error of law occurring at the trial and excepted to at the time." The provisions of the section for further or additional time for filing a motion for a new trial, on account of newly-discovered evidence, does not apply in this case. No special findings were asked or made by the trial court. That court only made a general finding. As the motion for a new trial was not filed during the term of the trial court, as prescribed in such a case as this by § 308 of the civil code, we cannot consider or review the errors alleged in the motion for a new trial, or in the petition in error, which presents substantially the same grounds of error

The judgment of the district court will be affirmed.

All the Justices concurring.