## THE STATE OF KANSAS v. C. M. KEYS.
### No. 436.

1. INTOXICATING LIQUORS — *"Spotter" Testimony.* It is proper to refuse an instruction which characterizes a witness as a "spotter," and which tells the jury to take his testimony with extreme care and suspicion, when there is nothing in the conduct or demeanor of such witness to reflect unfavorably upon his credibility, except his admission that he made a purchase of intoxicating liquor from one reputed to be engaged in the illegal sale thereof, intending if called upon to testify thereto.

2. ———— *No Reversible Error Shown.* The record examined, and *held* to show no reversible error, either upon evidence or the rulings of the trial court.

MEMORANDUM.—Appeal from Brown district court; R. M. EMERY, judge. Prosecution for an illegal sale of intoxicating liquor. Defendant, C. M. Keys, was convicted. He appeals. Affirmed. The opinion herein, filed July 8, 1896, states the material facts.

*James Falloon,* for appellant.

*F. B. Dawes,* attorney general, and *D. E. Reber,* assistant attorney general for Brown county, for The State.

The opinion of the court was delivered by

GARVER, J.: The appellant, C. M. Keys, was prosecuted and convicted in the district court of Brown county for an illegal sale of intoxicating liquor. An examination of the record fails to disclose any error of the trial court to justify a reversal of the judgment. The verdict, being based upon conflicting evidence and having positive testimony to support it, will not, after its approval by the trial judge, be set aside. Error is also assigned upon the refusal of the judge to give the jury the following special instruction :

"The testimony of spotters, that is, persons who

purchase liquor with the view to inform and testify against the seller, should be taken with extreme care and suspicion."

We think all that was either proper or necessary to be said to the jury upon that matter was covered by the general charge. In it the jury was instructed closely to scrutinize the testimony of any one who acted in the transaction as a detective or spotter, and who may have a motive for testifying to illegal sales when none was in fact made. The jury was also given the usual general rules for their guidance in weighing the testimony of the witnesses and in determining their credibility. There is little, if anything, in this case upon which to base the instruction asked.

There is often, in the opinion of the writer, undue agitation about "spotter" testimony in this class of offenses, and a disposition to magnify an act which may have been inspired by an honest, unselfish desire to detect crime into such proportions as unjustly to prejudice a jury against the most reputable and truthful witness. The inquiry should be, What character of man is he who speaks from the witness-chair? His interest in or connection with the case on trial, his conduct and demeanor when testifying and his general character should be considered by the jury in passing upon his truthfulness as a witness. And when, as an informer or otherwise, he has a pecuniary or other special interest in the result of the trial, it is proper that that fact should be called to the jury's attention. But in such cases as this, when nothing has been done to induce the course of criminal conduct which is being investigated, and the witness simply puts himself in a situation to discover the facts, there seems little reason to single out such act as deserving

of opprobrium, and make the person doing it an object of suspicion, no matter how good his general character and standing may be. We think the defendant had a fair trial, and has no just cause for complaint of the verdict and judgment.

The judgment is affirmed.

All the Judges concurring.