THE STATE OF KANSAS v. SAMUEL EATON.
No. 421.

1. APPELLATE PROCEDURE — *errors in impaneling jury not reviewable unless proceedings properly preserved in record.* Before this court can examine alleged errors occurring at the impaneling of the jury, the proceedings had at that time in the lower court must be preserved in the record.

2. EVIDENCE EXAMINED — *and held sufficient.* The evidence in this case examined, and found to sustain the verdict.

Appeal from Wyandotte District Court. Hon. Henry L. Alden, Judge. Opinion filed December 29, 1896. *Affirmed.*

*Henry McGrew*, for appellant.

*S. C. Miller*, County Attorney, for The State.

GILKESON, P. J. The appellant was charged by an information, containing three counts, with the violation of the Prohibitory Law. Trial was had before a jury and the appellant was acquitted upon the first and second counts, but was found guilty on the third, and sentenced to pay a fine of $100 and be imprisoned in the county jail for thirty days. He urges error in overruling challenges to jurors, and in the court's refusal to allow them to answer certain questions upon their examination.

56     THE STATE v. EATON.

N. Dept.     Opinion.   Gilkeson, P. J.     5 Kan. App.

These assignments of error we cannot consider. The proceedings had in the lower court during the impaneling of the jury are not preserved in the record. We find with the record twenty-seven pages of typewritten matter without identification of any kind. It is not attached to the record, and there is no evidence that it ever has been, but it is entirely independent thereof. There is nothing in the record to show that the questions and answers written in these extraneous pages were asked or answered in the trial court; and we cannot notice anything that is outside the record. The transcript should be complete in itself.

The second contention of the appellant is, that the court erred in refusing certain instructions; and we are referred to page 128, bill of exceptions. We have been unable to find any such page. The bill of exceptions consists of ninety-nine pages, the first two of which only are numbered, and the entire record contains only 117 pages. But if the instruction as stated in the defendant's brief was refused, we see no error.

" It is proper to refuse an instruction which characterizes a witness as a 'spotter,' and which tells the jury to take his testimony with extreme care and suspicion, when there is nothing in the conduct or demeanor of such witness to reflect unfavorably upon his credibility, except his admission that he made a purchase of intoxicating liquor from one reported to be engaged in the illegal sale thereof, intending if called upon to testify thereto." *The State v. Keys*, 4 Kan. App. 14.

The writer hereof desires to reiterate the following comments of Garver, J., in the case last cited, and adopt them as his own :

"There is often, in the opinion of the writer, undue agitation about 'spotter' testimony in this class of

offenses, and a disposition to magnify an act which may have been inspired by an honest, unselfish desire to detect crime into such proportions as unjustly to prejudice a jury against the most reputable and truthful witness."

The last error urged is as to the remarks of the county attorney in his argument; and we are again referred to a page of the bill of exceptions which we are unable to find. As we cannot find any of the argument anywhere in the record, we cannot consider this assignment.

We think the verdict is sustained by the evidence; and that the appellant had a fair trial, and has no just cause for complaint of the verdict and judgment.

The judgment will, therefore, be affirmed.