### THE STATE OF KANSAS v. SAMUEL EATON.
#### No. 421.

1. APPELLATE PRACTICE—*motion to correct the record not considered after cause submitted.* A motion to correct the record in a case brought to this court on appeal will not be considered, after the case has been submitted on the record to this court and the judgment of the court below affirmed, unless a motion for a rehearing is allowed, upon proper application and grounds therefor.

2. ———— *rehearing not granted unless application is within the court's rule.* An application for a rehearing of a cause will not be granted unless it clearly appears that some question decisive of the case and duly submitted by counsel has been overlooked by the court, or that the decision is in conflict with an express statute or controlling decision, to which the attention of the court was not called or which has been overlooked by the court.

Motions to correct the record and for a rehearing. Opinion filed July 16, 1897. *Motions denied.*

*L. C. Boyle*, Attorney General, and *S. C. Miller*, County Attorney, for appellee.

*McGrew, Watson & Watson* and *John A. Hale*, for appellant.

WELLS, J. This was a criminal action prosecuted by the State of Kansas against the defendant, charging him with certain violations of the so-called Prohibitory Liquor Law. The defendant was convicted in the Court of Common Pleas of Wyandotte County, from which an appeal was taken to this court, and by this court, on December 29, 1896, the judgment of the court below was affirmed. See *The State v. Eaton*, 5 Kan. App. 55, 47 Pac. Rep. 317.

The case is now upon the docket upon a motion for rehearing and a motion to correct the record. Unless a new trial should be granted, no consideration of the motion to amend the record should be had. It may

be that exceptional cases will arise in which it would
be proper to allow the appellant to amend his record
after the case has been decided against him upon the
case as originally filed ; but in the interest of justice
and the dispatch of the business of the court, this
cannot be allowed as a rule.   In other words, the ap-
pellant is expected to embody in his record all that it is
necessary to have there when he brings a case to this
court, and if by accident, mistake or inadvertence he
omits anything necessary, he must make the discov-
ery and ask the relief before the final decision is ren-
dered, or he is too late.

This leaves to be considered only the motion for a
rehearing.   Rule thirteen of this court reads as fol-
lows :

"An application for a rehearing of any cause shall
be by petition, signed by counsel, particularly setting
forth the grounds thereof, and showing either that
some question decisive of the case and duly submitted
by counsel has been overlooked by the court, or that
the decision is in conflict with an express statute or
controlling decision to which the attention of the
court was not called either in the brief or oral argu-
ment, or which has been overlooked by the court ; and
the question, statute or decision so overlooked must be
distinctly and particularly set forth in the petition.
Such petition must be filed within twenty days from
the date of the decision, and a copy thereof must be
served on the opposite party.   No argument or brief
will be allowed on the petition, but if the application is
granted, the case will be assigned for rehearing, and
such time given for argument or brief as the court
may allow."

In this case there was no attempt to conform to this
rule.   The paper filed was styled a motion instead of a
petition.   Perhaps this is not material, but our atten-
sion is not called "distinctly and particularly" to any

" question decisive of the case and duly submitted by counsel " that has been " overlooked by the court," nor to any " statute or controlling decision " in conflict with the decision " to which the attention of the court was not called either in the brief or oral argument, or which has been overlooked by the court."

In justice to the public and litigants, the time of this court cannot be taken up by the review of matters already considered and decided. If, however, the losing party thinks that any particular point or authority decisive of the case in his favor has been overlooked, he must call our attention " distinctly and particularly " to the point or authority that he thinks did not receive the proper attention.

It has not been customary to write opinions in this class of cases, but to informally sustain or refuse the application; but it seems to us, in view of the recent frequency of such applications, that the attention of the bar should be specifically called to the matters herein considered.

Both of the motions will be denied.