## RIELY v. ROBERTSON.

No. 2129.   Opinion Filed May 9, 1911.

(115 Pac. 877.)

**NEW TRIAL—Appeal and Error—Dismissal.** The failure to file a motion for a new trial within three days from the rendition of the verdict or decision, or within the term at which the same was rendered, may be excused by showing that the party was unavoidably prevented from so doing; and where the trial court has taken up and considered such motion and found that such unavoidable casualty existed, but denied the motion on the ground that the trial in said court was without error, a motion in this court to dismiss the appeal on the ground that the questions in the record could not be reviewed without the proper filing of a motion for a new trial in the lower court, and that such had not been done in due time, will be denied.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; George W. Clark, Judge.*

Action between Lea A. Riely and Arthur G. Robertson. From the judgment, Riely brings error. Motion to dismiss overruled.

*Snyder, Owen & Lybrand,* for plaintiff in error.

*George A. Matlack,* for defendant in error.

WILLIAMS, J.   The verdict was returned and judgment rendered in the lower court on April 30, 1910, the term of court terminating with that date. Another term of court began on May 2, 1910, within three days after the former term closed, on which date the motion for a new trial was filed. Defendant in error moved to dismiss the appeal on the ground that such motion was not made at the term at which the verdict was returned and judgment rendered thereon. This was essential, unless the defeated party was unavoidably prevented from so doing. Section 5827, Compiled Laws of Oklahoma 1909; *Missouri Glass Co. v. Bailey,* 51 Kan. 192, 32 Pac. 894; *Earls v. Earls,* 27 Kan. 538; *Mercer v. Ringer,* 40 Kan. 189, 19 Pac. 670; *Powers v. McCue,* 48 Kan. 477, 49 Pac. 686; *Nebraska National Bank v. Pennock,* 59 Neb.

61, 80 N. W. 255; *Joiner v. Goldsmith,* 25 Okla. 840, 107 Pac. 733. Section 5827, Compiled Laws of Oklahoma 1909, provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

Section 6094, Compiled Laws of Oklahoma 1909, provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: * * * For unavoidable casualty or misfortune, preventing the party from prosecuting or defending. * * *"

In *Fudge v. St. Louis & S. F. Ry. Co.,* 21 Kan. 146, 1 Pac. 141, the motion was not filed within the prescribed three days, but at the term of court at which judgment was rendered. Such was also the case in *Hemme v. School District,* 30 Kan. 377, 1 Pac. 104. The rule announced in these cases was followed by this court in *McAdams v. Latham,* 21 Okla. 511, 96 Pac. 584, where it was held that the "trial court has a wide and extended discretion in modifying, vacating or setting aside orders, judgments, or decrees made, entered, and rendered in its own court, when it does so at the same term at which such order, decree, or judgment was had"; but that, "after a final decree or judgment has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same." In *Schallehn v. Hibbard,* 64 Kan. 601, 68 Pac. 61, the verdict was returned and judgment entered on the last day of the term of court. On the day following the adjournment of said term a motion to set aside the verdict and for a new trial was filed. Later, after objection of the opposite party that the court had no jurisdiction to grant the motion for a new trial because the same was not filed during the term at which the verdict and judgment were rendered, the motion was passed on and a new trial granted. In the opinion in that case by the Supreme Court of Kansas it is said:

"In this case the record shows that, although the motion for a new trial was not filed until after the adjournment of the term at which the verdict was given and the judgment rendered, yet that the court took up this motion and granted it. This the court might do if the party filing the motion out of time was unavoidably prevented from filing within the time. The failure to file within three days and within the term is not inexcusable. If a party is prevented from so doing by unavoidable circumstances, yet his motion may be heard. The court must determine whether such circumstances exist. In this case the record is silent upon the question as to whether there was sufficient excuse for not filing the motion within the term. Nothing whatever is said upon the subject. But all presumptions that are warranted by the record must be indulged in to support the correctness of the ruling of the court, and, so far as the record shows, abundant proof may have been introduced to show that the party was unavoidably prevented from filing his motion for a new trial within the term. We cannot presume error. If this evidence was not before the court, the record ought to have shown its absence in order to show error. It must be remembered that this case is one where a new trial was granted, and not one where it was refused. In a number of cases this court has decided that a trial court is justified in refusing a new trial where the motion therefor was not filed within the time prescribed by the section which we have cited, but in this case a new trial was awarded although the motion was filed out of time; but mere filing of the motion out of time does not necessarily show that the court might not consider it, and from the fact that the court did consider it —the record being silent—we must presume that the motion fell within the exceptions created by the statute itself, and that the facts showing such to be the case were proven, to the satisfaction of the trial court. It may be suggested that the cited section absolutely requires the filing of the motion within the term, and that the excuse of being unavoidably prevented applies only to the requirement to file within three days. There is some plausibility in such contention, but we prefer to hold that the excuse goes to both requirements, and, if unavoidably prevented from filing his motion for a new trial within the term at which the verdict or decision is rendered, still a party may have his motion heard. Such a construction seems to us fair and just. It is the policy of the law to give litigants abundant opportunity to present their grievances to the court, and there is no reason to think that the Legislature would wish to help out one who, through unavoidable

circumstances, had been prevented from filing his motion within three days, and not one who, through the same circumstances, had been prevented from filing within the term. In this case the court adjourned on the same day on which the verdict and judgment were rendered. After a full consideration, we hold that the party may be excused from filing his motion 'for a new trial at the term at which the verdict or decision was rendered by a showing of the same unavoidable casualty as would excuse him from filing such motion within three days after the rendition of such verdict and decision."

On rehearing, the same conclusion was adhered to, whereon the court further said:

"A rehearing was granted principally on the ground that there appeared to be something of a conflict in the former decisions of this court upon the proper construction of section 308 of the Civil Code (section 4756, Gen. St. 1901), relating to the time when the application for a new trial could be filed. It was thought to be a matter of so much importance to the profession as made it worthy of positive and final settlement. The question is: May the failure to file a motion for a new trial within the term at which the verdict, report, or decision is rendered be excused by showing that the delay was unavoidable? The case of *Mercer v. Ringer*, 40 Kan. 189, 19 Pac. 670, is cited as showing that it cannot; while the case of *Fudge v. Railway Co.*, 31 Kan. 146, 1 Pac. 141, is cited to sustain the opposite contention. We do not think the case of *Mercer v. Ringer, supra,* is in point. It makes no reference to *Fudge v. Railway Co., supra,* and does not pretend to criticise or overrule it. This last case clearly holds that a failure to file the motion within the term can be excused by unavoidable casualty, as well as failure to file within three days. It would seem to be right that it should be so. That construction, being a fair one from the language of the section, must be indulged in to accomplish the right result. It is urged, however, that the right to grant a new trial must affirmatively appear, such right being in a sense jurisdictional, and this court cannot say that this exceptional power to grant a new trial existed unless the facts on which it depended affirmatively appear in the record. Admitting that certain facts must appear to the trial court in order to give it jurisdiction to grant a new trial, the statute nowhere requires that such facts must be made to appear by a writing, or be brought into the record. The judge passing upon such a motion may know of his own knowledge that the party applying was

unavoidably prevented from filing his motion within the term. In this case the court adjourned for the term the same day the decision was rendered, and from aught is shown, it may have been at once, and under circumstances known to the court which rendered it impossible to file the motion before such adjournment. And from this knowledge the court may have had abundant reason for granting such new trial, and, as said in the original opinion, we are obliged to indulge in all reasonable and lawful presumptions that we may uphold the action of the court below. The court was not required to put into the record the reasons for its action."

The motion in this case is to vacate and set aside the verdict and judgment rendered, setting up various grounds under the statute wherein the court was alleged to have erred on the trial. The attorneys for the defendant in error moved to strike from the files said motion of plaintiff in error for the reason that the same was not filed in time, and offered evidence to show that no unavoidable casualty intervened. After hearing such evidence, without any objection being made by any one, the lower court said:

"I am satisfied there was no error in the trial of the case, and, as there was evidence to support the verdict, I would prefer to pass upon the motion for new trial and give the parties the benefit. You don't lose any of your rights. The motion to strike will be overruled, and exceptions allowed. The motion for new trial will also be overruled, and exceptions allowed."

Obviously the trial court found as a fact that the plaintiff in error was unavoidably prevented from filing his motion for a new trial at the term at which the verdict was returned, and for that reason he refused to strike the motion from the files. We are not prepared to say that he erred, as there was evidence reasonably tending to show the unavoidable prevention of its filing within time. The motion for new trial, however, failed to allege the unavoidable casualty, but the defendant in error having of his own motion introduced evidence without objection, from which the court evidently found the fact of unavoidable casualty, that cured such defect. After overruling the motion to strike from the files, the court then proceeded to rule on the motion for new trial, and evidently found that no error had occurred in the trial, and therefore overruled the same.

We are of the opinion where a party is prevented by an unavoidable casualty from filing a motion for a new trial within the prescribed three days and at the term at which the verdict was returned, that under proper allegations, supported by proof, a motion to vacate and set aside the judgment may be filed out of term time, and that the conclusion reached in *Schallehn v. Hibbard*, 64 Kan. 601, 68 Pac. 61, is correct. This being in line with the construction of the same procedure in Kansas, and facilitating the ends of justice, we follow the same. The motion to dismiss the appeal is therefore overruled.

TURNER, C. J., and DUNN and KANE, JJ., concur; HAYES, J., absent and not participating.