**GARDNER et al. v. BLANTON et al.**

No. 9729—Opinion Filed Jan. 8, 1921.

Rehearing Denied Feb. 1, 1921.

(Syllabus by the Court.)

**1. New Trial—Time for Motion—"Unavoidably Prevented."**

The phrase "unavoidably prevented" in section 5035, Revised Laws 1910, applies both to the days within which a motion must be filed and the term, and the failure to file the motion within the term can be excused by unavoidable casualty, as well as failure to file within three days. The failure to file a motion for a new trial within three days from the rendition of the verdict or decision, or within the term at which the same was rendered, may be excused by showing that the party was unavoidably prevented from so doing.

**2. Judgment—Finality—Jurisdiction at Subsequent Term.**

After a final decree or judgment has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same.

**3. New Trial — Grounds—"Impossibility of Making Case-Made."**

The purpose of subdivision 9, section 5033, Revised Laws 1910, is to give the party desiring to appeal a new trial where through no fault of his own he is unable to make up a written statement of the facts in the case and have them duly authenticated by the trial judge for submission to the Supreme Court for review. This law is not meant to supply facts, but merely to give the right to new trial where the facts in the case cannot be prepared for submission to the Supreme Court because of such casualties as make it impossible to make case-made. The purpose of the law is not to supply what may have been omitted at the trial or in attempting to secure a new trial, either through carelessness, inadvertence, or misfortune, but

merely to give litigants the right to new trial where they cannot get a record for review in the Supreme Court of what has been done in the case.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by J. T. Blanton, O. W. Patchell, and F. W. Patchell against Annie Gardner and James Chisholm for the possession of certain land in Garvin County and for the rents and profits derived therefrom pending the suit. From an order of the district court overruling motion for new trial, defendants bring error. Affirmed.

Giddings & Giddings, for plaintiffs in error.

Blanton & Andrews, for defendants in error.

BAILEY, J. On March 3, 1917, action was begun by plaintiffs, defendants in error here, against the defendants, plaintiffs in error here, for the possession of certain land in Garvin county and for the rents and profits derived therefrom pending the suit. A receiver was appointed by the court on April 20, 1917, to have charge of the land and the rents thereof. The cause was tried to a jury and on Thursday, September 27, 1917, at about 1:30 o'clock p. m., a verdict was returned for the plaintiffs for possession of the land. Very soon thereafter, or at about 2:00 o'clock p. m., counsel for defendants left for Oklahoma City intending to prepare a motion for new trial and present the same to the court within the statutory time and at the time judgment was rendered by the court in the case, the matter of the rents in the hands of the receiver not having been determined, according to their contention, by the verdict of the jury. The motion was prepared in the office of counsel for the defendants on the morning of September 27th, and one of counsel left Oklahoma City at about noon on that date with the intention of presenting the same to the trial court and arguing the question of the rights of the defendants to the rents on that afternoon. When his train reached Purcell at about 1:30 p. m. counsel ascertained that the court had rendered judgment and at noon of that date adjourned for the term. Although the judge had announced early in the week that the term would be adjourned at noon on Friday the 28th, instead of on Saturday the 29th, the regular date for the expiration of the term, counsel for defendants had not been advised of this announcement and were of the impression that the term would not be adjourned until Saturday the 29th.

Thereafter, and at the next term, counsel for defendants filed a petition praying the court to vacate the judgment and grant a new trial, setting up the following as grounds therefor:

"First. Because through no fault of these defendants or of their counsel it is impossible for these defendants to make a case-made. * * * *.

"Second. Because of errors of law committed by the court at the trial of this cause and duly excepted to at the time.

"Third. Because of error of law committed by the court in the judgment entered in this cause in adjusting the equities as to rents and profits.

"Fourth. Because the verdict of the jury is not sustained by the evidence or the law.

"Fifth. Because of the accident and surprise which ordinary prudence could not have guarded against on the rendition of the judgment as to rents and profits.

"Sixth. Because of misconduct of plaintiffs' counsel."

This petition was on January 7, 1918, by the court heard and overruled.

It is from this action of the court overruling the petition for vacating the judgment and granting a new trial that the defendants appeal. The sole ground relied upon and urged as error herein is impossibility of making a case-made. Counsel argue that motion for new trial not having been filed during the term through no fault of theirs, it therefore became impossible to make a case-made and perfect an appeal which would not be subject to dismissal for failure to file motion for new trial within the term.

At page 4 of their brief, counsel for defendants say:

"Counsel for the plaintiffs and the court knew that the verdict of the jury did not settle said case, as the equities still had to be adjusted by the court, and we assumed that the court would not adjourn without notice until its term expired on Saturday. As a consequence, we were unable to file our motion for a new trial in term time; we were unable to take our exceptions to the judgment rendered in behalf of the plaintiffs; we were unable to obtain time to make and serve our case and perfect our appeal. Therefore, we filed this petition at a subsequent term and established these facts, and we hold that under the law, through no fault of our own, we have been deprived of our right to appeal and are entitled to a new trial under the statute. (See Harris-Day Code, sec. 5033, 9th ground of which is 'When without fault it becomes impossible to make case-made.') Under this section of the statute our courts have granted new trials in cases similar in principle in several instances." (Citing cases).

Section 5035, Revised Laws 1910, provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause

of newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

The phrase "unless unavoidably prevented" applies both to the days within which a motion must be filed and the term, and the failure to file the motion within the term can be excused by unavoidable casualty, as well as failure to file within three days. The failure to file a motion for a new trial within three days from the rendition of the verdict or decision, or within the term at which the same was rendered, may be excused by showing that the party was unavoidably prevented from so doing. Gaffney v. Stanard, 31 Okla. 541, 122 Pac. 510; Riely v. Robertson, 29 Okla. 181, 115 Pac. 877.

The rule announced in McAdams v. Latham, 21 Okla. 511, 69 Pac. 584, and followed in Riely v. Robertson, supra, Rawleigh Medical Co. v. Eggers, 74 Oklahoma, 178 Pac. 108, and other cases, is, "that after a final decree or judgment has been rendered, and the term expires, there must be substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same."

It is not claimed that the trial judge refused to grant a new trial because the motion was filed after the term, and we are not asked to determine the right of the trial court to adjudicate that question, defendants preferring to refuse to attempt to present a case-made, and electing to stand on the one ground.

Defendants being permitted to file their motion for new trial after the term, if they were unavoidably prevented from filing it within the term, cannot be heard to urge that they were unjustly deprived of their right to get into the case-made the assignments of error necessary to give this court jurisdiction to review the proceedings had in the trial court. Moreover, they have mistaken the purpose of subdivision 9, section 5035, Revised Laws 1910, which is to give the party desiring to appeal a new trial where through no fault of his own he is unable to make up a written statement of the facts in the case and have them duly authenticated by the trial court, for submission to the Supreme Court, for the purpose of obtaining a review of the alleged errors of law occurring in the proceedings in the court below as shown in the record thus presented. Thompson v. Fulton, 29 Okla. 700, 119 Pac. 244.

This law is not meant to supply facts, but simply to give the right to new trial where facts in the case cannot be prepared for submission to the Supreme Court because of such casualties contemplated by statute. The purpose of the law is not to supply what may have been omitted at the trial or in attempting to secure a new trial either through carelessness, inadvertence, or misfortune, but merely to give litigants the right to new trial where they cannot get a record for review in the Supreme Court of what has been done in the case. Peck v. McClelland, 65 Oklahoma, 166 Pac. 78; J. W. Rippey & Son v. The Art Wall Paper Mill, 27 Okla. 600, 112 Pac. 1119.

It follows, therefore, that the trial court did not err in overruling the motion of defendants for new trial on the ground of inability to make case-made through no fault of their own. This is the only error briefed or relied upon by the defendants. The other errors assigned, not being briefed or argued, are deemed to be abandoned and will not be considered on appeal. Sneary v. Nichols & Shepard Co., 70 Oklahoma, 173 Pac. 366. Nor could other errors be considered, for the further reason that no attempt has been made to present a transcript of the evidence and the record of the proceedings necessary to pass upon the judgment overruling the motion for new trial on other grounds, or to bring up the case for review on its merits. In Chortney v. Curry, 78 Okla. 206, 190 Pac. 387, we held that:

"Where a petition for new trial on the ground of newly discovered evidence is overruled and an appeal is taken from the order overruling the same, but not from the judgment in the former suit, this court will be unable to find that the newly discovered evidence would probably change the result if a new trial were granted unless the evidence at the former trial is brought to this court. The evidence at the former trial may be presented and considered by the trial court at the time the motion for a new trial is passed upon, and thus upon an appeal may be brought to this court."

For the reasons stated, the judgment of the trial court is affirmed.

RAINEY, C. J., and KANE, PITCHFORD, JOHNSON, McNEILL, and HIGGINS, JJ., concur.