## WHITEHEAD et ux v. GOYETTE. (Two Cases.)

Nos. 10007, 12045—Opinion Filed Sept. 13, 1921.

(Syllabus.)

**1. Appeal and Error—Briefs—Necessity for Argument.**

Assignments of error in the petition in error, which are not presented or argued in the brief of the plaintiff in error, will be treated as abandoned, and will not be considered by this court.

**2. Same—Effect of Supersedeas Bond.**

Where judgment was rendered on December 7, 1917, by which partition of real estate was decreed, and from which an appeal was taken to this court, but no supersedeas asked for or granted, and on January 9, 1918, an order was made approving and confirming the report of the commissioners appointed to make partition of or appraise said real estate, from which order the defendants appealed to this court, and

the amount of the supersedeas bond was fixed at $2,000, but instead of giving bond to supersede the order of January 9, 1918, bond was given to supersede the judgment of December 7, 1917, and where the assignments of error in the petition in error filed in the appeal from the judgment of December 7, 1917, have been abandoned, held, that the supersedeas bond given to supersede the judgment of December 7, 1917, will not operate to supersede the order of January 9, 1918.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Frank Goyette against J. E. Whitehead and Julia A. Whitehead for possession and partition of real estate. Judgment for plaintiff, and defendants bring error. Affirmed.

Stephen C. Treadwell, for plaintiffs in error.

C. S. Ritter and Jno. W. Hayson, for defendant in error.

NICHOLSON, J. This cause was commenced in the district court of Oklahoma county, by the defendant in error, Frank Goyette, as plaintiff, against the plaintiffs in error, James E. Whitehead and Julia A. Whitehead, as defendants. For convenience, we will refer to the parties as they appeared in the trial court.

The petition filed on April 11, 1917, alleged that the plaintiff was the owner of an undivided one-half interest in the east half of lots 11 and 12, Epworth Heights addition to Oklahoma City, being a subdivision of block 8 of Summers' Place, and entitled to immediate possession thereof, and that the defendant James E. Whitehead was the owner of the other one-half, and occupied the same as a residence, prayed judgment for the possession of one-half of the real estate and for an order specifying the respective interests of the parties in said real estate and for partition thereof, and further prayed an appointment of commissioners to make partition, if partition could be made without manifest injury.

After various dilatory pleas had been filed by the defendants, they did, on October 3, 1917, file answer, consisting of a general denial, and pleading as a further defense that the property involved was occupied by them as a homestead and was not subject to sale under execution, partition, or any other species of judgment sale, and that the plaintiff could not recover in said action so long as he admitted in his petition that the property was incapable of being divided in kind; and averred, further, that they had expended $500 in improvements, repairs, and betterments, and the sum of $100, taxes, interest, etc., and prayed that they be allowed

such sums out of the proceeds of the sale of said property, in the event a sale should be ordered. To this answer a reply was filed on October 8, 1917. On December 7, 1917, said cause was tried to the court on the following agreed statement of facts:

"It is hereby stipulated and agreed between the plaintiff and all the defendants, that this case shall be submitted to the court for decision in the absence of the parties and their attorneys, upon the following agreed statement of facts, to wit:

"First: It is agreed that the property involved in this action is owned jointly by the plaintiff, Frank Goyette, and the defendant, J. E. Whitehead, each having title to an undivided one-half interest therein, and that no other person has any interest or right in said property whatsoever.

"Second: That the said property is a residence house, the lot being less than one-quarter of an acre, and that the same is occupied by the defendant, Jas. E. Whitehead, who is a married man and the head of a family, as his family homestead, and was so occupied at the time of the filing of the petition in this case. and that he claims the same as his family homestead.

"Third: That the claim of the defendants for improvements and repairs placed upon the said property shall be hereafter heard and determined by the court when confirmation of the partition is heard, if confirmation be ordered.

"Fourth: That the court shall take the pleadings and this agreed statement of facts and forthwith pass judgment notifying each party in time to file timely motion for new trial if desired.

"Given under our hands as such parties this 6th day of December, 1917.

"C. S. Ritter, Attorney for Plaintiff.

"J. E. Whitehead, Attorney for Defendants"

—and judgment rendered decreeing to the plaintiff a one-half share and to James E. Whitehead a one-half share of said real estate, appointing commissioners to make partition and ordering that in the event partition could not be made without manifest injury, said commissioners value and appraise said real estate and report to the court, and further ordering that the parties be given ten days from the date of the approval of the report of said commissioners by the court in which to elect to take said real estate at the appraised value, and in the event neither of said parties should elect. or in the event both parties should so elect, then an order of sale should issue to the sheriff of Oklahoma county, directing him to advertise and sell said real estate in the manner provided for by law; and said cause was retained by the court for further order relating to the claim of the defendants for settlement of rents and improvements made on said real estate, and for distribution of the proceeds of said sale, to all of which defendants excepted and gave notice of appeal.

On January 2, 1918, the commissioners appointed filed their report, in which they found that the real estate could not be partitioned between the parties without manifest injury, and returned their appraisement, in which they valued the property at $4,250. On January 9, 1918, the court made an order approving and confirming the report of the commissioners and giving the parties ten days from that date within which to elect to take said real estate at the appraised value, and providing that in the event either of them so elected, directing the sheriff to execute and deliver to the party so electing a sheriff's deed, upon payment of said appraised value, and in the event that neither of said parties should elect to take said property, or in the event both of said parties so elected, then said sheriff was ordered to advertise and sell said property, as provided by law, and in said order. The court found that the plaintiff was indebted to the defendant James E. Whitehead in the sum of $63.38 up to January 1, 1918, which amount was allowed to the defendants out of the plaintiff's one-half interest in the proceeds of the sale of said property, to all of which the defendants excepted and gave notice of appeal.

In this order of January 9, 1918, the court fixed the amount of the supersedeas bond at $2,000, said bond to be made and approved within 30 days; on the same day the plaintiff filed in said cause an election to take the real estate at the appraised value; on February 13, 1918, the defendants filed their supersedeas bond in the sum of $2,000, which bond purported to supersede the judgment of December 7, 1917; on June 6, 1918, petition in error and transcript was filed in this court and docketed as No. 10007; on January 28, 1921, there was filed in this court a petition in error and case-made, said cause being docketed as No. 12045. This case-made contains the pleadings, orders, and agreed statement of facts above referred to, and, in addition thereto, contains the order of the trial court of March 23, 1918, approving the election of the plaintiff to take the property at the appraised value, and directing the sheriff of Oklahoma county to execute sheriff's deed to him, and contains the motion of the defendants to vacate such order, and the order of the court of December 4, 1920, denying said motion. This second appeal was by order

of the court consolidated with cause No. 10007.

In the brief of the plaintiffs in error, no argument is advanced or citation of authorities given attempting to sustain any of the assignments of error contained in the petition in error in cause No. 10007, which was an appeal from the judgment decreeing partition, and under the authority of numerous decisions of this court assignments of error in the petition in error which are not presented or argued in the brief of the plaintiff in error will be treated as abandoned and will not be considered by this court. DeVitt v. City of El Reno, 28 Okla. 315,114 Pac. 253, and cases there cited; Cox v. Kirkwood, 59 Okla. 183, 158 Pac. 930; Fort Smith & Western Ry. Co. v. Knott et al., 60 Okla. 175, 159 Pac. 847; Sneary v. Nichols & Shepard Co., 70 Oklahoma, 173 Pac. 366; Gardner et al. v. Blanton et al., 80 Okla. 143, 194 Pac. 1084. Therefore, we will not consider any of the errors assigned in cause No. 10007, but will only consider the questions raised in cause No. 12045, and in considering the same will follow the inquiry suggested by plaintiffs in error in the following statement in their brief:

"That plaintiffs in error say that the order of the court allowing thirty days in which to file a supersedeas bond and fixing the amount thereof at $2,000, superseded the judgment of the trial court rendered on January 9th, 1918, and deprived the trial court of any further jurisdiction in the matter."

We have carefully examined the record, and fail to find therein a bond given to supersede the order of January 9, 1918; there does appear a bond given to supersede the judgment of December 7, 1917, by which partition or sale of the real estate was decreed, but the defendants did not ask, and were not granted, leave to supersede this judgment, and are evidently satisfied therewith, inasmuch as they abandoned their appeal therefrom. By the journal entry of date January 9, 1918, the amount of the supersedeas bond was fixed at $2,000, and the defendants were given 30 days within which to file the same, but instead of giving the bond to supersede this order, they gave bond by which they sought to supersede the judgment of December 7, 1917, of which judgment they do not now complain. They cannot now be heard to say that the bond given, which specifically describes the judgment of December 7, 1917, operated to supersede the order of January 9, 1918, and as this order was not superseded or stayed, the subsequent orders of the trial court were not void as claimed by the plaintiffs in error in their brief, and it was not error for the court to deny the motion to vacate the order of March 23, 1918, and to set aside and vacate the sheriff's deed executed to the plaintiff.

The judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, McNEILL, ELTING, and KENNAMER, JJ., concur.