## REYNOLDS v. HILL.

No. 5640—Opinion Filed May 22, 1917.

Rehearing Denied Jan. 8, 1918.

(169 Pac. 625.)

(Syllabus.)

**Judgment — Execution — Injunction.**
Equity will enjoin the execution of a

judgment at law when the complainant has an equitable defense of which he could not avail himself at law, because it did not amount to a legal defense.

Sharp, C. J., and Turner, J., dissenting.

Error from District Court, Grady County; J. T. Johnson, Judge.

Action for injunction by C. A. Reynolds against Dave Hill. Temporary injunction was dissolved on final hearing, and plaintiff brings error. On rehearing order and opinion affirming the lower court set aside and cause reversed, with direction to issue the injunction.

Riddle & Hammerly, for plaintiff in error.

Bond, Melton & Melton, for defendant in error.

OWEN, J. This is an action brought in the district court of Grady county by plaintiff in error to enjoin the execution of a final judgment against him in favor of the defendant in error. A temporary injunction was issued, and on final hearing dissolved. Plaintiff appealed. The judgment was rendered in a case brought by Hill against one Blassingame and Reynolds, the plaintiff in error, for possession of certain land and damages for the rental value. Hill alleged in that case that on November 18, 1902, he purchased from the widow and heirs of Charles Campbell the right of possession and the improvements on 560 acres of land; that the land had been allotted to his children and patents issued to them (C. M. 60). Blassingame answered that on January 21, 1899, he purchased the improvements and right of possession of this land from the widow, Mrs. Campbell, and entered into possession of same, and thereafter conveyed same to one Brimage, who afterwards conveyed to Reynolds.

Reynolds answered that he purchased the improvements and right of possession from Brimage, and had held uninterrupted possession of same; that he had applied to have the lands allotted to his minor children; that Hill had applied to have the lands allotted to his children, and that he (Reynolds) had entered into a contest before the Dawes Commission, which was appealed to Commissioner of Indian Affairs, and from there to the Secretary of the Interior; that, pending this contest, by inadvertence and mistake, the patents to the lands in controversy were issued to the children of Hill; that the Secretary of the Interior had decided the contest in favor of his children and against the children of Hill, and had requested the Attorney Gen-

eral to bring suit to cancel the patent—and prayed the court to continue the case until the suit to cancel the patents was disposed of. On plaintiff's motion this answer was stricken.

Hill, to recover judgment against Reynolds, relied upon his rights under the patents issued to his children. No other evidence was offered to establish his right. The Secretary of the Interior had full power and authority to determine the rights to the land. The allegations to the effect that the contest had been decided in his favor and that the patents had issued through mistake stated an equitable defense to the action stated in the amended petition. By striking the answer in which Reynolds pleaded the determination of the contest by the Secretary of the Interior in favor of his children and the premature issuing of the patents, he was deprived of making a complete defense. The point is made here that this answer stated an equitable defense, and, in effect, a collateral attack on the patents, and therefore not a proper defense in the action at law to recover possession of the lands and the rents thereon. Assuming this to be true, it affords a proper case for the intervention of a court of equity to enjoin the collection and enforcement of the judgment. The rule applicable here was tersely stated by Mr. Justice Pitney, in announcing the opinion of the Supreme Court of the United States in the case of Pickford v. Talbott, as follows:

"A court of equity does not interfere with judgments at law, unless the complaint has an equitable defense, of which he could not avail himself at law, because it did not amount to a legal defense, or had a good defense at law, which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents." 225 U. S. 651, 32 Sup. Ct. 687, 56 L. Ed. 1240.

The universal rule appears to be that where the enforcement of the judgment would be inequitable, unjust, or unconscionable, a court of equity has the power, and it is its duty, to enjoin the enforcement. 23 Cyc. 991; Stevens v. Hertzler, 114 Ala. 563, 22 South. 121; Crim v. Handley, 94 U. S. 652, 24 L. Ed. 216. This judgment being based upon the patents and the rights thereunder, the proper tribunals having determined these rights adverse to Hill, it would be unjust and inequitable to enforce the judgment. The lower court erred in dissolving the temporary injunction. Therefore the order and opinion affirming the

lower court will be set aside, and the cause reversed, with directions to issue the injunction as prayed for.

KANE, HARDY, THACKER, BRETT, RAINEY, and MILEY, JJ., concur. SHARP, C. J., and TURNER, J., dissent.