## W. T. RAWLEIGH MEDICAL CO. v. EGGERS et al.

No. 8316—Opinion Filed Jan. 21, 1919.

(178 Pac. 108.)

**Judgment—Vacation—Jurisdiction of Court.**

The county court is without jurisdiction, at a subsequent term, to take any steps toward vacating or modifying a judgment or order of the court, rendered at a preceding term unless the provisions of sections 5267, 5269, Rev. Laws 1910, relating to the vacation and modification of judgments and orders, have been substantially complied with. An order made by the court at a subsequent term, vacating a judgment rendered at a former term, without complying with the conditions of the statute in regard thereto, is void.

(Syllabus by Galbraith, C.)

Error from County Court, Beckham County; E. G. McComas, Judge.

Action by the W. T. Rawleigh Medical Company against J. C. Eggers and others. Judgment for plaintiff, and from an order granting defendants' motion to vacate the judgment, plaintiff brings error. Reversed and remanded, with directions to vacate the order.

Swan C. Burnette, for plaintiff in error.

Opinion by GALBRAITH, C. This was an action upon the balance due on a verified account and a written contract of guaranty. Upon the trial of the cause in the county court, upon appeal from the judgment of a justice of the peace, the following journal entry of judgment was entered:

"And now on this 10th day of October, 1911, this cause came on for hearing on motion of the plaintiff for judgment by default; and, it appearing to the court that the defendants made an appearance therein and filed a demurrer to the plaintiff's petition, which was by the court overruled, and the defendants given 20 days for answer, and it further appearing that more than 20 days have elapsed since said order of the court, and no answer having been filed herein, the court adjudges the defendants in default; and it appearing that the claim of plaintiff herein is based upon a written contract, a copy of which is set out in the plaintiff's petition, and upon a duly verified, itemized statement of account, and the court, being fully advised in the premises, finds that the allegations of the plaintiff's petition are true, and that the defendants are jointly and severally liable to the plaintiff for the amount sued for herein, to-wit, $96.64, and interest at the rate of 6 per cent. per annum from July 19, 1908—it is therefore considered, ordered, and adjudged by the court that the plaintiff, the W. T. Rawleigh Medical Company, a corporation, do have and recover of and from the defendants J. C. Eggers, J. B Britton, and R. L. Kelley, the sum of $115.44, together with all costs in this behalf incurred, taxed at $——, for all of which let execution issue.

"John C. Hendricks, County Judge."

On the 17th day of March, 1914, a motion was filed in said cause, as follows:

"Comes now the defendants and move to set aside the judgment in this cause, because said judgment is void for the reason that the petition upon which said judgment was based does not state facts sufficient to constitute a cause of action.

"G. S. Gilkerson, Attorney for Defendant."

This motion was finally disposed of on the 4th day of December, when it was sustained, and an order entered that the judgment entered in said cause on the 11th day of Oc-

tober, 1911, in favor of the plaintiff and against the defendants, "be and the same is hereby set aside and held for naught."

To review that order this appeal was perfected, and the order of the court in sustaining the motion is assigned as error.

We have not been favored by a brief on behalf of the defendants in error, although the printed brief of the plaintiff in error was filed herein on March 29, 1917, so we can only conjecture the grounds upon which the trial court based its order for sustaining the motion to vacate the judgment.

From a cursory examination of the petition upon which the judgment of October 16, 1911, was based, we are convinced that it states a cause of action, and that the ruling of the court in overruling a demurrer thereto was correct, and we know of no reason why that ruling should have been reversed by the same court, even though presided over by a successor to the judge who made the ruling on the demurrer.

In the case of Hawkins v. Hawkins, 52 Okla. 786, 153 Pac. 844, where an order made by the same judge vacating an order made at a preceding term was under review, the court said:

"We are clearly of the opinion that the court below was clearly without jurisdiction to take any steps in the matter of vacating or modifying the order theretofore made by it setting aside the judgment in favor of the defendant in error, except in accordance with the provisions of the statute."

There is no pretense in this case that the provision of the statute authorizing the trial court to review its own judgment was attempted to be complied with in the instant case.

We, therefore, hold that the order of the court of December 4, 1915, vacating the judgment entered on October 16, 1911, was without authority and void. The appeal is therefore sustained, and said cause should be reversed and remanded to the trial court, with directions to vacate and set aside said order.

By the Court: It is so ordered.