## STUTSMAN et al. v. WILLIAMS et al.

No. 10725—Opinion Filed Sept. 12, 1922.

(Syllabus.)

**1. Judgment—Matters Concluded.**

A regular judgment while it remains in force is conclusive, not only as to matters litigated, but as to every ground of recovery or defense which might have been presented and determined.

**2. Same—Fraud Authorizing Vacation.**

Ordinarily it is fraud which prevents a party from fairly exhibiting his case in court or fraud practiced upon the court, or its process, and not fraud in the cause of action, which will authorize a court to set aside a final judgment.

**3. Same—Judgment on Note and Mortgage.**

Finding no equity in the plaintiff's bill, the action of the trial court in sustaining a demurrer thereto is affirmed.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Eva M. Stutsman and Ollie Tracy against Chas. E. Williams and Ella E. Williams to set aside judgment. From the judgment, plaintiffs bring error. Affirmed.

Albert L. McRill, for plaintiffs in error.

Embry, Johnson & Kidd, for defendants in error.

KANE, J. This was an action commenced in the district court for the purpose of setting aside the judgment of a court of record upon the ground of fraud.

The court below sustained a general demurrer to plaintiffs' third amended petition, and it is to reverse this action that this proceeding in error was commenced.

The judgment assailed in this action was rendered in an action upon a promissory note and to foreclose a mortgage given to secure the payment thereof, commenced by Chas. E. Williams, one of the defendants in this action, against Eva M. Stutsman, one of the plaintiffs herein. On the face of the note and mortgage involved one F. W. Hauser appears to be the payee. The petition in the original cause, which was in the usual form in such cases, alleged that the note and mortgage were executed and delivered to Hauser and afterwards in due course duly assigned to the plaintiff, and that he was the owner and holder thereof at the time the action was commenced.

The answer, after a general denial of the allegations of the petition, except such as were specifically admitted, contained the following express admissions:

Second. Answering further, this defendant says that said plaintiff, Charles E. Williams, has at all times been the real party in interest with whom she dealt to the entire exclusion of the alleged payee, F. W. Hauser.

Third. This defendant admits the execution and delivery of said note and mortgage, and says that plaintiff has at all times been the real owner and holder thereof; that this defendant made payment to him duly of all interest up to the first day of December, 1912.

The only defensive matter set up in the answer was that the plaintiff, as the true owner and holder of the instrument sued on, promised and agreed with the defendant that he would condone for the space of one year all defaults in payments in accordance with the terms of the mortgage providing that the note shall become due and payable upon failure to pay principal and interest at certain specified dates.

After setting forth in extenso the facts upon which this defense was based, the answer denied the right of the plaintiff to foreclose said mortgage earlier than December 1, 1913, because of said promise and agreement to extend the time of payment until said last mentioned date, and prayed that said promise and agreement be enforced and that this action be dismissed at plaintiff's cost, and for such other and further equitable relief as to the court might seem just and proper. The reply was a general denial.

Upon the issues thus joined, the defendant not appearing for trial, judgment by default was rendered for the plaintiff for the full amount prayed for in his petition and a decree entered foreclosing the mortgage. Subsequently the defendant filed a motion for a modification of the judgment and decree thus entered against her, alleging that by a collateral agreement entered into between the plaintiff and defendant during the pendency of this action the plaintiff agreed that if the defendant would not appear at the trial no deficiency judgment would be taken against her, and that, contrary to this agreement, the defendant not appearing, judgment by default was entered against her for the full amount of the claim.

Upon full hearing, this motion was sustained by the trial court and the judgment formerly entered was modified to conform to the terms of the collateral agreement set up in the motion. It is the judgment as thus modified that is assailed in this action. The original petition being filed more than four years and the third amended petition

more than three years after the rendition of the judgment, there is some contention that the plaintiff's cause of action is barred by the statute of limitations. But inasmuch as we are convinced that plaintiff's third amended petition fails to state facts sufficient to entitle her to relief in equity against the judgment assailed, we prefer to base our opinion upon that ground.

The allegations contained in the third amended petition to which the demurrer was sustained, in so far as they are material, are summarized by counsel for plaintiff in error in his brief substantially as follows:

That in truth and in fact the said defendant never did purchase said note and mortgage, and the indorsements of the said F. W. Hauser purporting to transfer said note and mortgage were forged, and the said F. W. Hauser never at any time sold, assigned, or transferred said instruments; that the said defendant, Charles E. Williams, was at the time said foreclosure suit was instituted and at all times thereafter without any interest whatsoever in said note or mortgage; that the said foreclosure action and all proceedings had therein constituted and were no bar to an action on said note and mortgage by the lawful owner thereof; that as a part of the fraud of said defendants, they induced the plaintiffs in said foreclosure action to allow a judgment to be taken by default, and the defendant Charles E. Williams in taking said judgment failed to introduce and surrender for cancellation either the said note or the said mortgage; that judgment was taken in said foreclosure suit and the property was sold and conveyed by sheriff's deed to the defendant Charles E. Williams, who subsequently conveyed the same to his wife, Ella E. Williams; that the said defendant Ella E. Williams had knowledge of all the facts possessed by her husband, and in fact conspired with her husband to bring said foreclosure action and defraud these plaintiffs: that the plaintiffs were ignorant of the fraud of the said defendants at the time the said foreclosure suit was filed and judgment rendered, and in fact did not discover said fraud or learn any facts that would put them upon inquiry until just a short time prior to the bringing of this action.

Counsel for the respective parties seem to agree that the general principles applicable to actions to set aside a judgment on the ground of fraud are correctly stated in Ely-Walker Dry Goods Co. v. Smith, 69 Oklahoma, 160 Pac. 898, as follows:

"A regular judgment while it remains in force is conclusive, not only as to matters litigated, but as to every ground of recovery or defense which might have been presented and determined.

"Ordinarily it is fraud which prevents a party from fairly exhibiting his case in court or fraud practiced upon the court, or its process, and not fraud in the cause of action, which will authorize a court to set aside a final judgment."

As it is not alleged that there was any fraud practiced on the court, it is apparent that the sole question for consideration in the case at bar is this: Can it be said as a matter of law that the facts alleged in the petition constitute such fraud as prevented the defendant in the original case, the plaintiff herein, from fairly exhibiting his case in court? Preliminary to answering this question it is necessary to determine what the defendant's case was. The action, as we have seen, was upon a promissory note and to foreclose a mortgage. The petition alleged that, while the note and mortgage were executed and delivered to Hauser, the plaintiff was the owner and holder thereof by assignment in due course.

Both of the paragraphs of the answer heretofore quoted admit that the plaintiff was the owner and holder of the instruments and the real party in interest, with whom the defendant dealt to the entire exclusion of F. W. Hauser. If we understand the allegations of the petition and these paragraphs of the answer correctly, the only question of fact joined by them was the manner the plaintiff acquired title to the note and mortgage. The petition alleged that the plaintiff acquired title by assignment from Hauser, the payee, and the answer alleged that although F. W. Hauser appeared as payee on the face of the instruments sued on, the defendant knew of his own personal knowledge that Williams, the plaintiff, was at all times the actual owner and holder thereof and the real party in interest and that he always dealt with him as such to the entire exclusion of the nominal payee, F. W. Hauser. Another paragraph of the answer is to the same effect and concedes that the plaintiff has at all times been the real owner and holder of the note and that the defendant made payments to him as such of all interest up to the date of the default which precipitated the foreclosure. The only defense the defendant relied upon in his answer was an agreement with the plaintiff that he would condone all defaults and extend the time of payment as stipulated in the note and mortgage, and obviously this defense was predicated upon the allegations of the answer, hereinbefore noticed, that the plain-

tiff was at all times the real party in interest and that Hauser was but the nominal payee. And it was on this theory that the judgment was finally entered.

Now, so far as we are able to perceive, the petition in the present case does not contain a solitary averment of fraud on the part of the plaintiff that could in any way tend to prevent the defendant from establishing the allegations of his answer, if they were true, as they probably were, as the court finally entered judgment in accordance with that theory. And the reason the plaintiff did not appear at the trial, as disclosed by her motion to modify the judgment, was not on account of any fraud practiced against her which would tend to prevent her from fairly exhibiting her case, but because the plaintiff agreed with her that he would not take a deficiency judgment against her if she did not appear. This matter being adjusted to her satisfaction and the judgment modified by the trial court in accordance with her motion, the plaintiff can have no just ground for complaint. It is well settled that:

"A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense, of which he could not avail himself at law, because it did not amount to a legal defense, or has a good defense at law, which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents." Reynolds v. Hill, 67 Okla. 156, 169 Pac. 625.

As we have seen, it was the theory of the defendant in the original case that the plaintiff was always the actual owner of the note and mortgage, and that he did not acquire title thereto by virtue of an assignment made by the nominal payee. The petition in the present case does not contain a single allegation of fact tending to show that the defendant did or said anything that induced the plaintiff to adopt this theory in her answer in the original action or to prevent her from learning and asserting the defense she now seeks to interpose. Certainly the mere allegations of the petition that the plaintiff was the owner of the instruments by virtue of an assignment, coupled with the purported assignment in writing attached to the petition as an exhibit, had or could have no tendency to mislead the defendant in this respect. It was against this very allegation that the answer was directed, and the facts stated purport to be based upon the personal knowledge of the defendant and her course of dealing with the plaintiff.

The trial court evidently accepted the theory of the defendant that the plaintiff was the owner of the note and mortgage all the time, as he sustained the defendant's view that the plaintiff was bound by his agreements with the defendant, not only in the matter of the extension of time for payments, but also in regard to taking a deficiency judgment.

Moreover, the plaintiff in this action does not claim or allege that she has any defense against the note and mortgage upon the merits. As it appears to us, she merely seeks an opportunity to present in another form a defense she has had ample opportunity to make in her original answer. As we view it, the petition in the instant case merely alleges that the plaintiff was not the owner and holder of the note by assignment as he alleged in his petition. This does not constitute a defense to the action on its merits; it merely tends to contradict the original theory of the defendant, which seems to have been adopted by the trial court, that the plaintiff was the actual owner of the note and mortgage all the time, as alleged in her answer, and not by assignment.

Finding no equity in the plaintiff's bill, the action of the trial court in sustaining a demurrer thereto is affirmed.

HARRISON, C. J., and JOHNSON, KENNAMER, and NICHOLSON. JJ., concur.