### TALIAFERRO v. BATIS et al.

No. 16919—Opinion Filed Sept. 28, 1926.

Rehearing Denied Jan. 11, 1927.

1. Judgment—"Rendition" of Judgment—Subsequent Direction to Clerk to Withhold Journal Entry—Effect.

A judgment is rendered, within the meaning of the law, at the time it is pronounced by the court, and after a judgment has been duly rendered a direction to the clerk to withhold the journal entry from the record does not have the effect of vacating, opening, or modifying said judgment.

2. Same—Vacation of Judgment at Subsequent Term—Statutory Procedure Mandatory.

The district courts of this state are without jurisdiction at a subsequent term to take any steps toward vacating, modifying, or opening a judgment of the court rendered at a previous term, unless the provisions of the statute with reference to vacation and modification of judgments and orders are substantially complied with.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Robert E. Batis against A. C. Bagby, Zue Bagby, and J. R. Taliaferro. From judgment for plaintiff, the defendant J. R. Taliaferro has appealed. Reversed and remanded, with directions.

Eddleman & Eddleman, for plaintiff in error.

Brett & Brett, for defendants in error.

Opinion by DICKSON, C. The parties will be referred to as plaintiff and defendant, as they were designated in the court below.

On June 24, 1924, Robert E. Batis commenced an action in the district court of Carter county, Okla., against A. C. Bagby, Zue Bagby, and J. R. Taliaferro upon a promissory note and real estate mortgage securing the payment thereof, executed by the defendants A. C. Bagby and Zue Bagby in favor of the plaintiff.

After the execution of the note and mortgage sued on, the Bagbys conveyed the real estate covered by the mortgage to the defendant Taliaferro. The only reference made to the defendant Taliaferro in the plaintiff's petition is the allegation "that he is now the owner of said lands as shown by the records of Carter county." The defendants A. C. Bagby and Zue Bagby, by their amended answer, admitted the execution of the note and mortgage sued on, and alleged that they conveyed the real estate covered by the mortgage to the defendant Taliaferro; and that as a part of the consideration of said conveyance the said defendant agreed to assume and pay off the indebtedness secured by said mortgage. The defendant Taliaferro by reply specifically denied that he ever agreed to pay off any of said indebtedness.

Upon the issues thus framed the case was tried on November 15, 1924, and at the conclusion of all of the evidence the court took the case under advisement, and on March 23, 1925, and during the January term of said court, rendered a personal judgment against the defendants A. C. Bagby and Zue Bagby for the amount due upon said promissory note and costs, and a decree of foreclosure of said mortgage, and directed that in the event the mortgaged premises did not sell for an amount sufficient to satisfy said judgment and costs, execution issue against said defendants A. C. Bagby and Zue Bagby. It was further adjudged that neither the defendants A. C. Bagby, nor Zue Bagby, nor the plaintiff recover anything from the defendant Taliaferro. No motion for a new trial was filed, and on the 30th day of April, 1925, the January term of said court expired. On May 13, 1925, and during the May term of said court, the plaintiff filed the following motion:

"Comes now the plaintiff and moves the court to open the case, which has been pending for sometime, in order that the witness, Gus Gaines, may be asked some questions which bear directly upon the issues involved as to whether or not J. R. Taliaferro assumed and agreed to pay the mortgage which R. E. Batis had against A. C. Bagby, and which direct questions were not asked the witness Gaines in the former hearing, by reason of the fact that counsel did not know of the conversation which took place, Gaines answering in the former examination only such questions as were asked, and further asked that this testimony be put on in order that the court may be fully advised as to all of the facts in the matter."

The defendant Taliaferro appeared specially and objected to said motion, upon the grounds that final judgment was rendered in said cause on March 23, 1925, and during the January term; that said term had expired and the May term begun; and that the court was without jurisdiction to reopen the case.

While this motion and objection were under consideration the court made the following statement:

"In order that both of you may know exactly the situation of that judgment, the court will state into the record that some days after the court signed a journal entry of judgment in this case, the attorney representing the plaintiff informed the court of the matters included in his motion for reopening of the case this morning. and upon this statement of counsel for plaintiff, that he intended to file this motion for reopening of the case, this court directed the court clerk not to record any judgment in this case, and the court did not at that time consider the journal entry signed by him as a final judgment in the case, in view of the statement of counsel for the plaintiff that he would file this motion to reopen the case. That is exactly the status of the matter."

The defendant's objection was overruled, and an exception reserved. The court thereupon heard the testimony offered by the plaintiff in support of the motion, and at the conclusion of the evidence rendered a judgment and decree in favor of the plaintiff and against the defendants A. C. Bagby, Zue Bagby, and J. R. Taliaferro, foreclosing the mortgage, and a personal deficiency judgment against the defendant J. R. Taliaferro. The defendant Taliaferro excepted, and has duly appealed to this court, and assigns as error: (1) That the court erred in sustaining the plaintiff's motion to open said case for further testimony. (2) That the court erred in setting aside and vacating the judgment of March 23, 1925. Other assignments are made, but from the conclusion we have reached a discussion of them will be unnecessary.

It is conceded that a final judgment was rendered in the cause on March 23, 1925,

and during the January term of said district court.

It is a settled law in this state that judgments and decrees and orders of the court, however conclusive or final in their character, are under the control of the court which pronounces them during the term at which they are rendered, and may be set aside, vacated, or modified by the court upon its own motion, or upon the suggestion of the party affected thereby. Philip-Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851; Wall v. Snider et al., 93 Okla. 97, 219 Pac. 671; Missouri Quarries Co. v. Brady, 95 Okla. 279, 219 Pac. 368. It is equally clear, however, that the judgment and decree of March 23, 1925, was not vacated, modified, set aside or reopened during the term of court at which it was rendered. The most that can be said is that during the January term of court, the attorney for the plaintiff suggested to the court that he desired to have the case reopened, to the end that he might further examine the witnesses, and indicated to the court that it was his intention to file a motion to reopen the case. Upon this suggestion the court informed somebody in the district clerk's office not to record the journal entry and decree, which had been formally signed by the judge. The judgment was valid and binding between the parties from the time it was pronounced by the court, which was several days before this direction. A judgment is a judicial act of the court in pronouncing the sentence and the law upon the facts in controversy as ascertained by the pleadings and verdict or finding. 34 C. J. 44. The direction to the clerk not to record the journal entry for the time being in no way affected the validity of the judgment and decree.

The motion to open the case in no way complies with the rule regarding the granting of new trials on the ground of newly discovered evidence, in that it is not verified, and there is no contention that the evidence sought to be introduced upon this motion could not have been discovered before the trial by the exercise of reasonable diligence. Vickers v. Philip Carey Co., 49 Okla. 231, 151 Pac. 1023.

It is apparent that no proceeding recognized by law was commenced by the plaintiff to vacate or modify or reopen the judgment during the January term of court.

"After a final decree or judgment has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court jurisdiction over the same. Gardner et al. v. Blanton et al., 80 Okla. 143, 194 Pac. 1084;

W. T. Rawleigh Medical Co. v. Eggers et al., 74 Okla. 190, 178 Pac. 108."

The court erred in overruling the defendant Taliaferro's objection to the plaintiff's motion, and in setting aside and vacating the judgment and decree of March 23, 1925.

The case is reversed and remanded, with directions to reinstate the judgment and decree of March 23, 1925, and set aside and vacate all subsequent proceedings, and to overrule the plaintiff's motion to reopen the case.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. pp. 44, 45, §175. (2) 34 C. J. p. 215, §437.