## DAVISON et ux. v. MUTUAL SAVINGS & LOAN ASS'N et al.

No. 27571. Oct. 26, 1937.

Rehearing Denied Nov. 23, 1937.

John J. Carney, for plaintiffs in error.

Mont F. Highley, for defendants in error.

BAYLESS, V. C. J. On November 26, 1934, in an action to recover upon a promissory note and foreclose a real estate mortgage securing said note, pending in the district court of Oklahoma county, Okla., wherein Mutual Savings & Loan Associa-

tion, a corporation, was the plaintiff, and H. C. Eggleston, Mary Eggleston, Haywood M. Davison, Henrietta Davison, and Fred G. Neff were the defendants, judgment was rendered in favor of the plaintiffs. Prior to the rendition of the judgment, personal service of summons had been made on all defendants named; the defendants Haywood M. Davison and Henrietta Davison having been so served on October 9, 1934.

After being served with summons, the Davisons made arrangements with C. F. Hanley, an attorney, for said attorney to represent them in the litigation; and, thereafter, on November 2, 1934, the attorney filed in the case a verified answer for, and on behalf of, the said Haywood M. Davison and Henrietta Davison. Their answer, however, has not been copied into the record which is before us. The explanation for the omission being that the original of said answer was missing from the file pertaining to the case and could not be located when the record was being compiled, and that no copy thereof was available. There is contained in the record, however, a stipulation by the attorneys to the effect that the answer was filed, as stated herein; but said stipulation does not purport to set forth the allegations which said answer contained.

When the case came on for trial on November 26, 1934, neither the Davisons nor their attorney appeared, and the trial was had, and the judgment rendered in their absence. The reason for their omission and failure in that respect is not explained by anything contained in the record before us.

On April 17, 1936, the said Haywood M. Davison and Henrietta Davison filed their petition in the district court of Oklahoma county, in the same case wherein the aforementioned judgment was rendered, directed against Mutual Savings & Loan Association, a corporation, with a view to having said judgment vacated and set aside. In said petition they made no complaint of the judgment having been rendered in their absence; nor did they set forth therein anything by way of explanation or in excuse of their failure and omission to appear at the trial and there prosecute whatever defense they had set up in their answer. With regard to the judgment, they merely alleged that it "was obtained by fraud, misrepresentation and deception." Following

which, they alleged that, (a) "at the time said action against them was begun by the plaintiff * * * they had paid in full all that was due under the pretended mortgage upon which said foreclosure action was based," and that, "if such facts had been revealed to the court at the time such judgment was rendered, the plaintiff would not have been entitled to the judgment" which it obtained; (b) that said mortgage was made, executed, and delivered to Mutual Savings & Loan Association by H. C. Eggleston, and "was at all times void as to these petitioners for the reason that 'at the time said mortgage was made by Eggleston * * * they were the equitable owners of the real estate described therein, and were in open and notorious possession of said real estate and claiming title to the same."

On May 1, 1936, the trial court, after considering said petition and the evidence introduced at the trial had thereon, rendered judgment to the effect that said petition be denied. And from said judgment the said Haywood M. Davison and Henrietta Davison have appealed.

In Stutsman v. Williams, 87 Okla. 64, 209 P. 406, it was held:

"A regular judgment while it remains in force is conclusive, not only as to matters litigated, but as to every ground of * * * defense which might have been presented and determined."

"Ordinarily it is fraud which prevents a party from fairly exhibiting his case in court or fraud practiced upon the court, or its process, and not fraud in the cause of action, which will authorize a court to set aside a final judgment."

And in Render v. Capitol Hill Undertaking Co., 176 Okla. 520, 56 P. (2d) 829, an action to vacate a judgment wherein it was asserted, in substance, that fraud in procuring the judgment was practiced by the successful party in that some of the records introduced in evidence were forged and some of the evidence was false, this court held that:

"False evidence or perjury alone, relative to an issue tried, is not sufficient ground for vacating or setting aside a judgment. The fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the judgment was rendered. It must be such fraud as to prevent the other from having a trial of the issues."

Considering the record herein in connection with the rules stated, we conclude that the trial court committed no error by adjudging that the petition be denied.

OSBORN. C. J., and WELCH, CORN, and HURST. JJ., concur.