Ethel SADBERRY, Co-Administrator of the Estate of Ada Belle Durnell, Deceased; H. B. Wilcher; Myrtle Watkins; Oren Wilcher; Cecil Wilcher; Bertha Rains; Lottie Hall, Guardian of Ruby Wilcher, an incompetent; and Nellie M. Hamon, Plaintiffs,

v.

Garland H. HOPE, Assigned County Judge of McClain County, Oklahoma, Defendant.

No. 43044.

Supreme Court of Oklahoma.

July 23, 1968.

See also Okl., 441 P.2d 381.

Richard James, Stroud, Henry Montgomery, Purcell, for plaintiffs in error.

Thomas G. Smith, Purman Wilson, Purcell, for defendant in error.

HODGES, Justice.

This is an original action wherein the plaintiffs seek a Writ of Prohibition directed to the defendant judge to desist and refrain from proceeding with a hearing on an "Application to Set Aside the Judgment of the District Court in Connection With Guardianship and Succeeding Orders and to Reopen." Upon examination of the pleadings and issues, we have elected to assume jurisdiction.

On February 23, 1954, Mae Harrison was appointed the guardian of the person and estate of Ada Belle Durnell, an incompetent person, who died in November, 1961. In June, 1963, the county court approved the Final Account and Supplemental Final Account of the guardian. An appeal was taken to the district court where the guardian was surcharged in the amount of $24,816.06. On appeal to this court, the judgment was affirmed and mandate issued. In re Guardianship of Durnell, Okl., 434 P.2d 905.

After the mandate was spread of record, the guardian filed in the county court, an application to set aside the above judgment, and prayed that she be allowed to reopen to explain the items of surcharges. The application listed sixteen acts which the guardian alleges caused the judgment to be procured through mistake, trick and deception.

The plaintiffs requested the defendant judge to strike the application. The request was denied and a date was set by the court to hear evidence in support of the application. It is from this order the plaintiffs seek relief.

The plaintiffs contend that the application to set aside and reopen is directed to a judgment which has become final, and for that reason the defendant judge has no jurisdiction to entertain the application.

The guardian denies that the defendant judge is assuming judicial power not granted by law. She argues that under 12 O.S. § 1031(4) an application to vacate a probate order may be considered upon the specific allegation of extrinsic fraud.

The case presents two issues for our determination: (1) The jurisdiction of the county court to hear evidence in support of the application to set aside a judgment which on appeal to this court was affirmed and has become final; (2) the sufficiency of the allegations of fraud.

We agree that under the provisions of 12 O.S. § 1031(4) a judgment which, on appeal, has been affirmed and has become final, may upon substantial compliance with the statutes be vacated or modified for fraud, practiced by the successful party, in obtaining the judgment. The petition to vacate or modify, however, is subject to the conditions set forth in 12 O.S. § 1033. Under this section the proceedings to vacate or modify a judgment

after term, "shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant," and the action shall be commenced after the issuance and service of summons. Cherry v. Gamble, 101 Okl. 234, 224 P. 960.

In W. T. Rawleigh Medical Co. v. Eggers, 74 Okl. 190, 178 P. 108, we held:

"The county court is without jurisdiction, at a subsequent term, to take any steps toward vacating or modifying a judgment or order of the court, rendered at a preceding term, unless the provisions of sections 5267–5269, Rev.Laws 1910 (12 O.S. 1031–1033), relating to the vacation and modification of judgments and orders, have been substantially complied with. An order made by the court at a subsequent term, vacating a judgment rendered at a former term, without complying with the conditions of the statute in regard thereto, is void."

See also, Arnold v. Arnold, 207 Okl. 352, 249 P.2d 734.

In the present case the guardian has not substantially complied with the provisions of 12 O.S. § 1033. The application to set aside (petition to vacate) is not verified by affidavit and no summons was issued or served on the plaintiffs.

We also find the application fails to set forth sufficient elements of fraud. In Metzger v. Turner, 195 Okl. 406, 158 P.2d 701, this court held in paragraph 3 of the syllabus as follows:

"Where a suit is brought under the statute to vacate a default judgment on the ground of fraud, the petition to vacate, in order to state sufficient cause, must allege fraud in obtaining the judgment extrinsic and collateral to the issues tried in the case where the judgment attacked was rendered and it must be such fraud of the prevailing party as to prevent the other party having a fair trial. Allegations that the judgment was obtained on allegations of fact known to be false and

supported by testimony also known to be false, alone, are not sufficient."

In Britton v. Gannon, Okl., 285 P.2d 407, 55 A.L.R.2d 667, extrinsic fraud was defined as follows:

"Extrinsic fraud is any fraudulent conduct of successful party which was practiced outside of actual adversary trial directly and affirmatively on defeated party whereby he was prevented from presenting fully and fairly his side of cause, including false representations that defeated party is merely nominal party against whom no relief is sought, false promises of compromise, concealment of suit, kidnapping of witnesses, and the like, and in such cases court of equity has power to annul decree so obtained."

The general rule is that before this court will set aside a final judgment after term, the fraud must be extrinsic and collateral to the issues tried and must be such that a party was prevented from fairly exhibiting his case in court, or that fraud was practiced on the court, or its process, and not fraud in the cause of action. Stutsman v. Williams, 87 Okl. 64, 209 P. 406; Davison v. Mutual Savings and Loan Ass'n, 181 Okl. 295, 73 P.2d 455.

The guardian's averments of fraud do not meet the conditions necessary to vacate the judgment. She alleged acts of trickery and deception by plaintiff Sadberry or her counsel in taking advantage of the aged condition of the guardian; her lack of business experience; that counsel took advantage of discrepancies in the original inventory to show a shortage of bonds, when counsel knew that the bonds were included in the Final Account; that counsel listed unreported income when counsel knew that these deposits were made in a lump sum under oil income; that counsel procured an order disallowing claims with full knowledge that they were proper expenditures; that counsel failed to list a $1000.00 loan to plaintiff Sadberry, but instead urged the statute of limitations; that counsel for plaintiff Sadberry

obtained a spurious order allowing final account; and that counsel relied upon confusion, poor bookkeeping and trickery into deceiving the trial court that a shortage existed in the guardian's final account.

The allegations of fraud are directed to matters which the guardian had knowledge during the trial of the case or had no relationship to the judgment rendered. All of the allegations, which the guardian now complains, were presented and tried in the trial court, or were matters which, if the guardian had chose, could have been litigated.

Basically, it appears that the principal reason the guardian seeks a vacation of the judgment is that the plaintiff Sadberry or her counsel had personal knowledge that the guardian had made a proper accounting of her guardianship, but deluded the trial court into the belief that there was an actual shortage when, in truth and in fact, they had knowledge there was none, and if given another opportunity she can now properly account and explain the items upon which she has been surcharged.

■ As noted in the Metzger case, supra, allegations that the judgment was obtained on facts known to be false by the plaintiffs and supported by testimony also known to be false, alone are not sufficient to vacate a judgment after term.

When this surcharged judgment was presented to us on appeal, we stated that the guardian knew the challenged items in the accounts and knew that she would be required to produce vouchers to support her accounts and had ample time to prepare her case, and have her evidence ready for submission. On rehearing, after re-examination of the record and briefs, we concluded, "the record is not inconclusive in establishing whether the Guardian had failed to properly account; the record is conclusive that she did not properly account. * * *" The guardian has failed to show how the allegations of her applica-

tion to vacate would have changed this conclusion. Assuming the validity of the guardian's allegations, she still has failed to show how the acts and conduct of the plaintiffs or counsel prevented her from presenting fully and fairly her side of the case. It was the guardian, not the plaintiffs or counsel, who prepared the inventory in the guardianship, and prepared the final account. She was the person who had charge of all the books and records pertaining to the guardianship. She was given ample opportunity to present evidence showing a proper accounting of her guardianship. The fact that the final account was challenged and contested by the plaintiffs does not presuppose an element of fraud in the procurement of the judgment, which would. be sufficient to vacate the judgment.

We find that a writ of prohibition should be granted prohibiting the defendant judge from proceeding with the hearing on the Application to Set Aside the Judgment of the District Court in Connection with Guardianship and Succeeding Orders and to Reopen.

The plaintiffs also seek in this action a writ of mandamus directing the defendant judge to proceed and rule on the application to surcharge the bonding company for the guardian in Case No. 2106, and further directing that he proceed with the hearing on the final accounts of both co-administrators, the objections to said final accounts, the determination of heirs, and for distribution. This court having confidence that the matters now pending below will be properly and judiciously administered by the defendant judge, we find it unnecessary to issue a writ of mandamus.

Writ of prohibition granted, writ of mandamus denied.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, BLACKBIRD, BERRY, and LAVENDER, JJ., concur.