In the Matter of the Forfeiture of a certain 1974 MERCURY COUGAR, 2-DOOR BEIGE/BRONZE, BEARING 1973 OKLAHOMA LICENSE NO. KK-8089, 1974 TAB NO. 969964 AND VIN # F4A93H562624F.

Trenton BUELL and Kent Houston Buell, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. 50778.

Supreme Court of Oklahoma.

July 11, 1978.

William R. Burkett, Linn, Helms, Kirk & Burkett, Oklahoma City, for appellants.

Joseph A. Wideman, Dist. Atty. by Dave Jacobs, Asst. Dist. Atty. of Okl., for appellee.

DOOLIN, Justice:

Appellants, the Buells, sought to vacate a judgment of automobile forfeiture claiming constructive fraud was committed on the court in its decision, because court was not advised of certain facts.[1] The action was timely brought within two years of the date of the judgment.[2]

The Ponca City police seized a 1974 Mercury Cougar owned by appellants, charging the car was being used unlawfully to transport marijuana. See 63 O.S.1971 § 2–506 which provides in pertinent part:

---

1. 12 O.S.1971 § 1031 (Fourth).

2. 12 O.S.1971 § 1038.

"A. Any peace officer of this state shall seize any vehicle, airplane, or vessel, which is used, or intended for use, to unlawfully transport any property described in subsection 1. or 2. of Section 2–503; . . . such vehicles shall be held as evidence until a forfeiture has been declared or a release ordered.

B. Notice of seizure and intended forfeiture proceeding shall be filed in the office of the clerk of the district court for the county wherein such vehicle, airplane, or vessel is seized and shall be given all owners and parties in interest.

C. *Notice shall be given* according to one of the following methods:

1. . . .

2. Upon each owner or party in interest whose name and address is known, by mailing a copy of the notice by registered mail to the last-known address.

3. . . .

D. . . .

E. . . .

F. . . .

G. . . .

H. The claimant of any right, title, or interest in the vehicle, airplane, or vessel may prove his lien, mortgage, or conditional sales contract to be bona fide and that his right, title, or interest was created without any knowledge or reason to believe that the vehicle, airplane, or vessel was being, or was to be, used for the purpose charged.

I. In the event of such proof, *the court shall order the vehicle,* airplane, or vessel *released to the bona fide* or innocent owner, *lien holder,* mortgagee, or vendor if the amount due him is equal to, or in excess of, the value of the vehicle, airplane, or vessel as of the date of the seizure, *it being the intention of this section to forfeit only the right, title, or interest of the purchaser.*

J. If the amount due to such person is less than the value of the vehicle, airplane, or vessel, or if no bona fide claim is established, the vehicle, airplane, or vessel shall be forfeited to the state and the vehicle, airplane, or vessel shall be sold under judgment of the court, as on sale upon execution.

K. . . .

L. . . .

M. Whenever any vehicle, airplane, or vessel is forfeited under this act, the District Court of Jurisdiction may order that the vehicle, airplane, or vessel seized may be retained by the state, county, or city law enforcement agency which seized the vehicle, airplane, or vessel for its official use.

N. . . ." (Emphasis supplied).

Under the authority of this section the trial court issued an order of forfeiture and released the car to the Kay County sheriff's office for official use, under # M, supra.

Appellants had recently purchased the car, financing it through the First National Bank and Trust Company of Ponca City, (Bank), who took a security interest in the car. At the time of the forfeiture order, appellants had made only two payments to the Bank.

Appellants' attorney at that time did not inform them of the rights and requirements of the above statutory forfeiture procedure. *Neither* party advised the court of the Bank's lien. No notice of the forfeiture proceeding was given to Bank as required by § 2–506(B), (C). Bank was not represented at the hearing nor did it exercise its statutory right to claim an interest in the car or its proceeds.[3] See § 2–506(H), (I), (J).

The Bank released its lien on the same day as the forfeiture order was issued. Appellants continued to pay the Bank each month on the loan. This is basis for appellants' damage claim.

---

3. The bank is not a party to this suit.

Appellants filed the present action against the State of Oklahoma (State) seeking to vacate the judgment of forfeiture on grounds, (1) it was void as not being in conformity with the law and (2), as being obtained by constructive fraud. Appellants claimed State knew of the lien through a letter written by appellants to the Kay County District Attorney prior to the forfeiture and further that State had constructive knowledge of the lien through a filed financing statement.

Defendant's demurrer to the first ground was sustained, exceptions allowed and the case was tried solely on the issue of constructive fraud. It was tried to the court who found for defendant. Appellants appeal to this court.

Appellants' argument is based upon the lack of required statutory notice to Bank. The State, under appellants' analysis, has no right to the car, as it was obtained by fraud.

Appellants argue equity. They claim the law provides for forfeiture only of their interest in the car and no more. By giving up possession of the car but continuing to pay for it, appellants submit they forfeited much more than their interest in the car. They lost the car and had to pay the balance, a result clearly not intended by the statute. They seek return of the car.

 Fraud that will authorize a court to vacate a judgment must be extrinsic fraud of the prevailing party that prevents the other party from fully and fairly presenting his side of the case, or fraud practiced on the court.[4] We fail to see how notice to the court of the existence of the Bank's lien would have affected the forfeiture. The presence of a lien would not have been a defense to forfeiture. Lack of notice to the Bank was in no way prejudicial to appellants in the forfeiture proceeding. The damages they suffered in continuing to pay on the loan were the result of a contractual obligation. Bank's interest

might have defeated the State's right to the car. But failure to disclose this interest to the court is not extrinsic fraud such as will constitute a reason for vacating the judgment.[5]

 Counsel for appellants also knew of the Bank's lien, yet he did not inform the court, or ask for the proper notification procedure. Equity cannot be invoked by a party when its aid becomes necessary through that party's own fault.[6]

Trial court found no fraud was involved. We are given no basis for finding otherwise.

AFFIRMED.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

---

**4.** *Sadberry v. Hope*, 444 P.2d 175 (Okl.1968).

**5.** *Crockett v. Root*, 194 Okl. 3, 146 P.2d 555 (1943).

**6.** *Sautvine v. Keller*, 423 P.2d 447 (Okl.1966).