**Helen Y. AMAR, Appellee,**

v.

**John J. AMAR, Appellant.**

**No. 50635.**

Court of Appeals of Oklahoma, Division No. 2.

Oct. 17, 1978.

Rehearing Denied Nov. 6, 1978.

Released for Publication by Order of Court of Appeals Jan. 18, 1979.

Jerry Dick, Oklahoma City, for appellee.

Morris L. Dunlap, Oklahoma City, for appellant.

BRIGHTMIRE, Judge.

The man's request for the court to use its equitable powers to compel the woman's compliance with a 1969 modification of the decree divorcing the parties rendered two years earlier was "dismissed" and a "demurrer" to the court's citation for contempt was sustained on January 13, 1977 on the ground that in rendering the divorce decree in 1967 the court "did not . . . have jurisdiction" to make the order sought to be enforced—an order disposing of the parties' property rights in real estate located in the State of Tennessee. The man appeals. We affirm.

I

The 1967 decree recites that the parties "entered into a verbal property settlement agreement which the court finds to be fair, just and equitable . . . *and made a part of this decree.*"[1] Accordingly, the court in the decretory portion of the decree first of all awarded Helen Amar (1) the home of the parties located at 2813 SW. 63rd in Oklahoma City, Oklahoma, (2) all household furniture and furnishings, and (3) a 1963 Ford Falcon automobile.

Next the court awarded John Amar a 1966 Chrysler automobile.

And lastly, he ordered "that plaintiff, Helen Y. Amar, and the defendant, John J. Amar, . . . convey the property located at 2312 North Chamberlain Avenue, Chattanooga, Tennessee, in trust to the minor children of the parties hereto, namely: Jason Amar, Jeffery Amar and Joey Amar; but the plaintiff's mother should have a life estate in said property."

Although the decree bears the approving signature of Helen Y. Amar, she nevertheless sought to repudiate part of it two years later by filing a "Petition to Modify Judgment." In it she asked that the "oral property settlement referred to in the Decree of Divorce . . . be set aside for the reason that the same is not set out with practicality and the judgment of the court does not conform to the understanding of the parties and further insofar as it purports to impress a trust upon the real property located in Chattanooga, Tennessee, the court did not have jurisdiction of said property and no issue was raised in the trial of this matter with respect thereto and the disposition of such property was not submitted to the court." Another ground for the requested relief was that the Tennessee realty was the separate property of Helen Amar and the 1967 judgment concerning it was obtained by "fraud" practiced by John Amar—no specifics were alleged, just the conclusion, fraud.

This "petition" was heard November 17, 1969 along with some other motions not

---

1. Emphasis added.

germane to the issue involved here. The court in effect declined to grant Helen Amar the relief she requested, although he did order John Amar to agree to hold his children harmless from any loss sustained by them as a result of a deed of trust to the Tennessee realty executed by both John and Helen Amar during their marriage, and he further ordered that upon payment of the mortgage indebtedness on the property, "all rental income from said property shall be deposited in a special bank account for the use and benefit of the three minor children of the parties . . . ."[2]

In May 1976 John Amar filed an "Application for a Citation For Contempt" alleging that the mortgage debt on the Tennessee property was paid in full on July 17, 1972 and that since then Helen Amar had collected rent on the property in the amount of $2,806 which she had willfully and contemptuously failed to deposit in a special trust account for the children as required by the 1969 adjudication. He asked the court to imprison Helen Amar until she complied with the court's order.

## II

The trial judge concluded that the court in rendering the 1967 divorce decree did not have jurisdiction to make the order that was made with reference to the Tennessee property because (1) the real estate was located in Tennessee, and (2) the property was owned by Helen Young Amar and was never part of the marital estate.

■ In both of these conclusions the trial judge was mistaken. This divorce action began not as one in rem but one in personam and it remained that way. The court had jurisdiction over the parties and the marital res. He had the power not merely to dissolve their marriage but to judicially settle all matters incident to it, particularly those with reference to their property. The parties orally agreed upon a division of their property subject to court approval. The court not only lauded the agreement as fair but adopted it as his judgment as evidenced by the decree approved personally by Helen Amar. So regardless of where the Tennessee realty was located or whether it was the separate property of Helen Amar, she agreed with John Amar on a disposition of it for the benefit of the children as an integral part of an overall property settlement agreement—an agreement she asked the court to incorporate into the decree—and became personally bound by both the contract and the judgment.

■ And furthermore, as far as concerns premarital ownership of the Tennessee property, there is nothing in the 1967 decree to support even an inference that it was the separate property of Helen Amar. As a matter of fact just the opposite inference arises from the stipulated judgment. It is evident that Helen Amar's attempted modification of the decree in 1969 is in reality a collateral attack on subject matter adjudicated in the 1967 decree, namely, determination of the parties' property rights—a decree which on its face is valid. The property division portion of it was not and is not now subject to modification, save as authorized by 12 O.S.1971 § 1033. *Grimshaw v. Grimshaw,* Okl.App., 581 P.2d 1329 (1978). If indeed her 1969 petition to modify was an attempt to invoke the provisions of this section on the ground stated in 12 O.S.1971 § 1031(4)—"For fraud practiced by the successful party, in obtaining the judgment or order,"—it fails because it does not state facts showing the decree was the product of "extrinsic fraud" practiced by the "prevailing party." *Sadberry v. Hope,* Okl., 444 P.2d 175 (1968). Not only is it not alleged that John Amar practiced such

---

**2.** Neither party attacks the jurisdiction of the court to enter the 1969 order. But the fact is that insofar as the court attempted to modify the 1967 property division order it is void. *Grimshaw v. Grimshaw,* Okl.App., 581 P.2d 1329 (1978). If the life tenant was living in 1969, the court could not require her to pay rent on the property nor deprive her of whatever rental income it may yield. If the mother wants to pay "rent" money to her daughter, however, the latter cannot be held in contempt for not depositing it in a special account for the minor remainderpersons even if she previously agreed to do so.

fraud but it is not clear that he was the prevailing party. It looks to us like the children prevailed and for this all parties should be commended.

### III

■■ Nevertheless dismissal of John Amar's application for equitable enforcement of the 1969 order was proper. The divorce decree very clearly and simply granted Helen Amar's mother "a life estate in" the Tennessee property. No mention was made of rent or mortgage payments. By law and definition a life tenant is entitled to occupy his land or, if he does not occupy it, to receive all rents and other benefits it produces during his life. Hence, to the extent the court in 1969 ordered John Amar to hold the children harmless on account of a deed of trust of the Tennessee property executed by Helen and John Amar during their marriage, and further to the extent the court ordered the rent being paid by the life tenant on subject property to be paid into a special bank account for the children's use, he was adding to and therefore modifying the property division provisions of the decree. This he had no jurisdiction to do and therefore these 1969 orders are void. *Grimshaw v. Grimshaw, supra.* Since the court could not validly order money paid by the life tenant to her daughter, Helen Amar, to be deposited in a special account for the benefit of the children, the recipient is, of course, not subject to contempt proceedings in regard to monies given her by her mother.

Therefore, since John Amar is seeking to invoke the contempt-related powers of the court to enforce a void order, his application is demurrable. This is not to say, however, that the children are without a remedy. Assuming the 1969 order is based upon an agreement of the parties, they may very well have a cause of action at law for the enforcement of the contract as third party beneficiaries.

Affirmed.

NEPTUNE, P. J., and BACON, J., concur.