Lisa Michele PIPPIN, Appellant,

v.

Herbert D. JONES, Appellee.

No. 79789.

Court of Appeals of Oklahoma,
Division 3.

June 22, 1993.

David P. Henry, Oklahoma City, for appellant.

William E. Liebel, Oklahoma City, for appellee.

## OPINION

HANSEN, Chief Judge:

This is an appeal from a decision by the trial court sustaining Appellee Herbert D.

Jones' motion to dismiss in a paternity action filed by Appellant Lisa Michele Pippin.

On July 3, 1986, Appellant filed for divorce against her husband, Wilbur R. Pippin, in Oklahoma County District Court. In her petition, she declared the minor child of the parties to be the issue of her six year union with her husband.

On July 17, 1986, an agreed decree of divorce was entered placing the custody of the child with Appellant and requiring Mr. Pippin to maintain certain insurance on the child. [Case No. FD–86–5071]. The decree did not set child support. No appeal was taken therefrom and the validity of the decree has not been attacked.

On March 10, 1988, in the Dallas County, [Texas] District Court, Appellant filed a Motion to Modify, Enforce, and Withhold Earnings against Mr. Pippin.

On March 31, 1988, in Oklahoma County District Court, Mr. Pippin filed a "Motion and Cross–Petition to Establish Paternity and to Modify the Decree of Divorce."

On April 13, 1988, the Dallas County District Court modified the Oklahoma divorce decree to include an order to Mr. Pippin to pay child support, and in the process found him to be the legal father of the child. The parties do not dispute this order has been registered and filed of record in Oklahoma County Case No. FD–86–5071. Moreover, the parties do not dispute that these orders have not been modified or appealed.

On July 14, 1988, Mr. Pippin filed a trial brief in furtherance of his motion and cross-petition to establish paternity and modify decree of divorce. Therein, he denied paternity and submitted that because the "alimony award was intended for support," it should be terminated. He also claimed he was not told he could be subject to 18 years of alimony (support) if he did not challenge the child as illegitimate. He claimed fraud pursuant to 12 O.S.1981 § 1031, Fourth.[1]

On April 27, 1989, the District Court of Oklahoma County entered an order approving an agreement between Appellant and Mr. Pippin that the child was not Mr. Pippin's child.

On October 11, 1991, Appellant filed a petition for paternity alleging Appellee (Herbert D. Jones) is the biological father of her minor child, born on May 6, 1986, during the time she was married to Wilbur R. Pippin.

Appellee filed a motion to dismiss asserting Appellant was attempting to collaterally attack a valid judgment adjudicating another person to be the father of this same child.

On July 10, 1992, in sustaining Appellee's motion to dismiss, the trial court found the April 27, 1989 order was void because there had been a failure to comply with 12 O.S. 1981 § 1031. As a result of the failure to comply, the trial court reasoned the Oklahoma District Court acquired no jurisdiction of the subject matter and had no jurisdiction when it entered its April 27, 1989 order. Because the divorce decree had not been vacated, and on the face of the record Mr. Pippin is the legal father, the trial court held Appellant is precluded from attempting to pursue a paternity action against another person. Appellant appeals from this order.

On appeal, Appellant argues the trial court erred in determining Mr. Pippin to be the legal father of the minor child. She points out that pursuant to the divorce decree, there was no finding the child was the offspring of Mr. Pippin, that Mr. Pippin was not required to pay child support, and the trial court did not award him any visitation with the child. Thus, she argues, the best conclusion to be reached is that Mr. Pippin is not the father.

Title 10 O.S.1991 § 1 provides: "All children born in wedlock are presumed to be legitimate." Even though there is a presumption that a child born within wedlock is the child of the married couple, Appel-

---

1. The July 10, 1992 journal entry of judgment, from which this appeal was taken, states that Mr. Pippin filed another brief in support of his motion of March 31, 1989 on April 27, 1989. It is not a part of the record on appeal.

lant contends Mr. Pippin rebutted this presumption "in other pleadings."

On March 31, 1988, Mr. Pippin filed his "Motion and Cross–Petition to Establish Paternity and Modify Decree of Divorce. He filed his trial brief in support thereof on July 15, 1988 in which he alleged fraud as his ground for modification of the decree. He claimed he was fraudulently misled by his attorney into consenting to a 10 year alimony payment (which he claims was intended as child support) and was not told he could be subject to 18 years of child support if he did not challenge the minor child's legitimacy.

12 O.S.1991 § 1031, Fourth provides that the district court shall have power to vacate or modify its own judgments or orders within the time prescribed hereafter:

Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order.

In *Matter of 1974 Mercury Cougar, 2–Door Beige/Bronze, Bearing 1973 Oklahoma License No. KK–8089, 1974 Tab No. 969964 and Vin # F4A93H562624F*, 581 P.2d 465 (Okla.1978), the Supreme Court held that fraud which will authorize the court to vacate a judgment must be extrinsic fraud of the prevailing party that prevents the other party from fully and fairly presenting his side of the case, or fraud practiced on the court. Herein Mr. Pippin alleged neither. Moreover, he never alleged that any fraud had been practiced on him regarding his paternity of the minor child. Mr. Pippin failed to comply with § 1031, Fourth.

The trial court loses control over a judgment and is without jurisdiction to vacate, modify or set aside the same unless in substantial compliance with § 1031. *Fowler v. Goldfeder*, 418 P.2d 317 (Okla.1966). Mr. Pippin did not rebut the presumption of legitimacy of the minor child. Moreover, because Mr. Pippin's motion did not substantially comply with § 1031, the trial court did not acquire subject matter jurisdiction and had no jurisdiction when it entered the April 27, 1989 order approving the agreement between Appellant and Mr.

Pippin that Mr. Pippin is not the child's father. The trial court did not err in finding the April 27, 1989 order is void.

Further, Appellant contends that because Appellee was not a party to the April 27, 1989 order, he should be estopped from collaterally attacking it. As support for this contention, she cites this Court to *Estate of Akers*, 541 P.2d 284 (Okla.App.1975). Her reliance on this case is misplaced. Therein, the Court of Appeals held:

... that a stranger (one not a party to the assailed proceedings) whose rights and interests have been adversely affected collaterally by a judgment which for any reason is void shall not be estopped from asserting such affected rights and protesting such interests in some other proceeding even though the validity of the earlier judgment is incidentally drawn in question.

Herein, Appellant even states in his appeal brief that "Appellee in this action did not do anything to attack the order entered at the District Court on April 27, 1989." Therefore, inasmuch as Appellee's rights and interests were adversely affected by the April 27th order, which is void for lack of jurisdiction, he shall not be estopped from denying paternity even though the validity of the April 27th order is incidentally drawn in question.

Because the divorce decree has not been vacated, and on the face of the record Mr. Pippin is the legal father of the minor child, Appellant is precluded from attempting to pursue a paternity action against Appellee. The trial court did not err in dismissing Appellant's paternity petition.

Appellee's request for costs and attorney fees in appeal is denied.

AFFIRMED.

BAILEY, P.J., and HUNTER, J. concur.